### 4354. MURDOCK v. ADAMSON.

1. The evidence as to the controlling issue of fact was in sharp conflict, and the issue is settled by the verdict.

2. Excerpts from the charge of the court which, when considered disconnected from the general charge, are inaccurate and inapt are not sufficient to warrant the grant of a new trial, where, considered in

connection with the entire charge, it clearly appears that the errors were rendered harmless.

3. An exception to the rule which excludes hearsay is made in all cases of self-disserving declarations by deceased persons, strangers to the controversy, who were in a position to know matters concerning which they spoke. Therefore a declaration made by a son, who was run over and killed by an automobile, to his father, to the effect that the injury was not caused by any fault of the defendant, and was an unavoidable accident, was admissible in evidence in a suit brought by the father to recover damages for the homicide of the son, where this self-disserving declaration was proved by the testimony of the father.

DECIDED FEBRUARY 11, 1913.

Action for damages; from city court of Carrollton—Judge Beall. July 3, 1912.

*J. M. McBride, W. F. Brown,* for plaintiff.

*S. Holderness, J. O. Newell, R. W. Adamson, E. S. Griffith,* for defendant.

HILL, C. J. This was a suit by a father to recover damages for the homicide of his minor son, alleged to have been caused by the negligence of the defendant in running an automobile in the town of Carrollton. The jury found a verdict in favor of the defendant. The plaintiff's motion for new trial, based upon the general grounds and upon alleged error in the admission of certain testimony, and in instructions of the court to the jury, was overruled, and the case is here for review.

1. As to the general grounds, it may be stated that the petition charged negligence in the running of an automobile in the town of Carrollton at a reckless rate of speed, to wit, thirty miles an hour, and in violation of the town ordinance which limits the rate of speed on the streets of the town to six miles an hour. There was evidence in support of this allegation, and, without more, the jury would have been authorized, under the facts and the law applicable thereto, to render a verdict for the plaintiff. The defendant denied the allegations of negligence made against him, and the evidence in his behalf showed that, at the time of the injury which caused the death of the boy, he was not running the automobile at a reckless rate of speed, but was running it at less than six miles an hour, and that the injury was unavoidable so far as he was concerned, and was caused by the negligence of the boy in jumping off a dray, without notice, immediately in front of his automobile,— so near to it that it was impossible for him to stop, although he made every exertion to do so before striking and running over the

boy. The verdict for the defendant is therefore seen to be supported by the evidence; and unless material and prejudicial error occurred, either in the admission of testimony or in the charge of the court, the verdict should stand.

2. Numerous excerpts from the charge of the court are assigned as error. We have examined each one of these excerpts very carefully, in connection with the general instructions, and, while some of the language is inaccurate and inapt, yet the charge as a whole presents fully, fairly, and correctly the law applicable to every issue made by the pleadings and the evidence. It would answer no profitable purpose to take up each excerpt considered in connection with the charge and the evidence, and show this fact. No new or interesting question of law of a general character is raised by any of these assignments of error; the law is well settled as to every question made thereby; and this general statement as to the correctness of these excerpts in connection with the general charge is deemed sufficient.

3. The trial court admitted, over the objection of the plaintiff, evidence by the defendant to the effect that after the burial of the little boy, the plaintiff came to him and said, that he wanted to talk to him about the accident, and he wanted to give the defendant thoroughly to understand that he held him entirely blameless, that he had investigated the matter, and, from what his boy had told him, he thought that the defendant was entirely blameless; that the accident was not due to any negligence of the defendant, but was entirely unavoidable; that he based this opinion upon a statement made to him by his son before his death, and that he (the son) was to blame for the accident, and not the defendant. The same testimony, in substance, by several other witnesses, relating to conversations between him and the defendant, was introduced, over the objection of the plaintiff. It was objected, that all this testimony was inadmissible and incompetent, upon the ground that it was irrelevant; that the plaintiff was not present at the time of the accident, and knew nothing of how it occurred, and his statements were based upon declarations or conversations had with his son on the subject, and was, therefore, hearsay; and that what the son stated to the father was incompetent and inadmissible as evidence. When this testimony was offered, we think it was not admissible. An analysis of the testimony shows that the statement of the plain-

tiff was based entirely upon a conversation which he had with his son relating to the facts of the accident, in which the son had expressed the opinion that the defendant was blameless, and that he himself was to blame. The statement of the son as to the occurrence would be material and relevant evidence, if proved in accordance with the rules of evidence; in other words, testimony of the father or of any other person that the statement was made to him would, in our opinion, be admissible; but the testimony of the defendant and other witnesses who had not heard the declaration made by the son, but heard merely the statement of the father as to what this declaration was, and the opinion which he had formed, based upon the declaration, was clearly hearsay. An exception to the rule which excludes hearsay is made in all cases of self-disserving declarations by deceased persons, strangers to the controversy, who were in a position to know of matters of which they spoke. 4 Encyc. Ev. 87. It has been held by the Supreme Court that "An admission by a person tending to show that a physical injury received by him and which subsequently resulted in his death was caused by an accident, and not by the negligence of a railroad company of which he was an employee, was admissible in evidence for the defendant on the trial of an action for the homicide of such person, brought by his widow against that company." *Georgia R. Co.* v. *Fitzgerald,* 108 *Ga.* 507 (34 S. E. 316). See, also, *Field* v. *Boynton,* 33 *Ga.* 239. If the testimony complained of had been the only testimony introduced as to the statement in question, we would not hesitate to hold that the admission of this testimony was reversible error; for, as the evidence of the living witnesses who had seen the accident was almost equally balanced, this statement, said to have been made by the boy who was killed, must have had great weight with the jury. It is a familiar rule, however, that any error in the admission of evidence, on the ground that it was irrelevant, immaterial, or hearsay, may be subsequently cured by evidence which is competent and admissible. Now, this testimony of the defendant and his witnesses as to the conversation with the plaintiff, purporting to give a statement which had been made to him by his son, was, when offered, objectionable because it was simply hearsay, but subsequently the plaintiff was introduced in his own behalf, and unequivocally testified that he had made to the defendant the statement which the defendant and his wit-

nesses testified about, which gave the version of the accident given to him by his son before the son's death. This admission of the plaintiff was equivalent to evidence by the plaintiff that his son had made these self-disserving declarations to him, and proved in a legal manner these declarations of the son, as to how the accident occurred, and who was at fault in connection therewith. The exception to the rule excluding hearsay testimony, above referred to, is found in the Civil Code (1910), § 5768, as follows: "The declarations . . of a person, since deceased, against his interest, and not made with a view to pending litigation, are admissible in evidence in any case." The declarations of the son, made to his father, were against his interest, and they were not made with a view to any pending litigation. They were simply self-disserving declarations, and, under the rule and this section of the code, when properly proved by the evidence of the father, they were admissible, although when originally offered they were not admissible because then not within this exception of the hearsay rule.                                          *Judgment affirmed.*