## 5734. BELMAS *v.* THE STATE.

1. The evidence authorized the verdict, and there was no error in refusing a new trial.
2. The instruction of which complaint is made did not, as contended, withdraw from the consideration of the jury the vital ingredient of larceny,—the intent to steal. The words "under these circumstances" referred to the intent to steal, which the court had immediately before mentioned.

DECIDED SEPTEMBER 23, 1914.

Indictment for larceny; from Johnson superior court—Judge Hawkins. April 24, 1914.

*J. L. Kent,* for plaintiff in error.

*E. L. Stephens, solicitor-general,* contra.

RUSSELL, C. J. 1. When this case was here before (*Belmas* v. *State,* 12 *Ga. App.* 363, 77 S. E. 188), this court held that the evidence was insufficient to authorize the conviction of the accused; for the reason that there was evidence that the accused had other corn besides that which he had raised as a cropper of the prosecutor, and because there was no evidence tending to show that the corn sold by the defendant was the missing corn alleged to have been stolen. The evidence in that case was not sufficient to rebut the presumption of innocence and remove all reasonable doubt as to the defendant's guilt. On the next trial, however, in addition to the proof submitted on the former trial, the prosecution introduced testimony of two witnesses to the effect that the corn which the defendant sold came from the crib where the prosecutor's corn was kept, and that the defendant did not have any corn except what he had been given permission to grind into meal; and it appears that the evidence, though weak, is sufficient to authorize the conviction of the accused.

2. In the motion for a new trial exception is taken to the following charge of the court: "It is contended by the State that certain corn, the property of the prosecutor, Mr. Hicks, was put in one of his cribs on his plantation, and the defendant was given access thereto for a certain purpose,—that is, to get meal, to use the corn for the purpose of getting meal for his use and his family's use. The State contends that the accused, without authority, took this corn and carried it away and sold it with the intent to steal the same; and I charge you that if you believe the defendant, under these circumstances, took any of this corn and used it for any other

purpose than for meal for the use of himself and family, he is guilty,—that is, if he took it and carried it away and disposed of it." It is argued that this was error because it withdrew from the jury the vital ingredient in all larceny, to wit, the intent to steal; thereby leaving the jury to conclude that if the defendant disposed of the corn in any manner, he was guilty. Exception is further taken upon the ground that the charge was a misstatement of law, and that, under the instructions, together with the statement of the State's contention, the defendant would be guilty of larceny for an immaterial violation of authority, without any intent to steal, and that this could not be the basis of a charge of larceny. It will be noted that the words "under these circumstances" refer back to the contentions of the State, one of which is that the defendant carried the corn away and sold it with intent to steal. For this reason, we do not think a jury of ordinary intelligence could have failed to apprehend that it was essential that the intent to steal should be shown. The court had already defined the offense and instructed the jury that simple larceny was the wrongful taking and carrying away by any person of the personal goods of another with intent to steal the same. The charge, taken as a whole, was abstractly correct. See, in this connection, *Murdock* v. *Adamson,* 12 *Ga. App.* 275 (77 S. E. 181) ; *Mosley* v. *State,* 11 *Ga. App.* 1 (74 S. E. 569).

*Judgment affirmed. Roan, J., absent.*