36130. GEORGIA POWER COMPANY *v.* SMITH *et al.*

Decided May 9, 1956—Rehearing denied July 6, 1956.

*Marvin D. Pierce, Erwin, Nix, Birchmore & Epting,* for plaintiff in error.

*Jas. W. Arnold, Edwin Fortson, Stephens, Fortson, Bentley & Griffin,* contra.

Quillian, J. 1. We consider first the general grounds of the motion. The condemnor earnestly insists that the verdict was without evidence to support it. In a case where the power of eminent domain is exercised, the burden is on the condemnor to show the value of the property taken and the consequential damages to the remainder of the property. Where a verdict is returned for an amount larger than is authorized by the evidence adduced by the condemnor, that of the condemnee must support the verdict; that is, the condemnee's proof, added to and supplemented by facts appearing from that of the condemnor for that purpose must furnish the factual foundation for the verdict rendered by the jury. From the composite of all the facts related and the opinions given by the witnesses the jury may properly predicate a verdict representing their own opinion. While some, though not all, of the condemnees' witnesses who gave their opinions as to the value of the strip of land taken and the consequential damage to the remaining tract undertook to testify as to the market value of the entire tract, their evidence taken as a whole supported the verdict.

It is contended by the condemnor that the testimony of the

condemnees' witnesses did not have probative value because the witnesses estimated the value of the property condemned by the lineal foot. We see no difficulty in the witnesses' forming their opinions in this manner. The same estimated value of the entire strip of land condemned would be arrived at whether the witnesses simply stated that value or broke it down into the worth of the land by lineal foot.

The condemnor also contends that there was not sufficient evidence to support the verdict because the witnesses did not testify as to the market value of the whole Smith farm. There was evidence that the property as a whole would be less desirable for a home on account of the strip of land being taken by the condemnor. The reduction in its value was variously estimated by several witnesses. Moreover, if there had been no evidence of consequential damages, the jury, if they believed the condemnees' witnesses as to the value of the strip of land actually taken, were authorized by the evidence to find the verdict returned.

2. The condemnor argues in his general grounds that the verdict was excessive. "The general grounds of a motion for new trial do not raise the question of excessiveness of a verdict, and where there is no specific ground in the motion that the verdict is excessive, such question is not before this court." *McFarland v. Bradley*, 82 *Ga. App.* 223 (4) (60 S. E. 2d 498).

3. Special grounds 4 and 5 of the amended motion for new trial assign error upon the following charge: "I charge you, gentlemen of the jury, that in this case the burden of proof is on the Georgia Power Company, with respect to the lands over which they are condemning the right-of-way to show you the value of lands for all purposes to which it may be suited including the use for which it is condemned. It is further the burden on the power company to show whether any consequential damage has been done to the remainder of the land by the taking of the right-of-way and if any such damage has been done what is its amount. The burden of proof rests upon the Georgia Power Company to satisfy the jury of the truth of its case by a preponderance of the evidence."

(a) The condemnor contends that the first sentence of this charge was error because the condemnor was not bound to show the value of the property for all purposes to which it might be

suited. The condemnor has the burden of proving what is just and adequate compensation for the property taken. While the writer considers the charge correct, it is the view of some members of the court that it was not entirely accurate. However, there is no division of opinion that it was not harmful error. The jury had for its consideration, in arriving at the fair compensation the condemnees were to be paid for their property, evidence of its value for specific purposes. Hence the effect of the charge was to correctly place upon the condemnor the burden of proof as to the value of the property for those purposes. In *State Highway Board* v. *Shierling*, 51 *Ga. App.* 935 (1) (181 S. E. 885), this court held: "Where property is taken, under power of eminent domain for a public use, its market value for all purposes for which the property is available is the true measure of the owner's compensation."

(b) The condemnor further insists that it was error for the trial judge to charge the second sentence of the above quoted instruction. It was held in *Georgia Power Co.* v. *Brooks*, 207 *Ga.* 406 (4) (62 S. E. 2d 183), that the burden was on the condemnor to prove the value of the property taken and the damage to the remaining land, if any. This portion of the charge was not error.

(c) The condemnor further contends that the trial judge erred in instructing the jury in the second sentence of the above quoted charge that the condemnor had the burden of proving whether any consequential damage had been done to the remainder of the land and, if any such damage was done, what was its amount. The condemnor has the burden of proving whether there has been consequential damage to the remaining property and, if so, how much. *Georgia Power Co.* v. *Brooks*, 207 *Ga.* 406 (4) (62 S. E. 2d 183). The condemnor insists the charge was error because the judge did not define consequential damages. Taking the charge as a whole, the jury could not have misunderstood the meaning of consequential damages to the property. This ground does not show error. "Extracts from a charge, upon which error is assigned, must be considered and construed in connection with the charge taken as a whole." *Dorsey* v. *State*, 2 *Ga. App.* 228 (4) (58 S. E. 477); *Murdock* v. *Adamson*, 12 *Ga. App.* 275 (2) (77 S. E. 181).

(d) The last sentence of the charge was correct and the judge did not err in so charging. *Georgia Power Co.* v. *Brooks,* supra.

4. Special ground 6 assigns error upon the following charge: "The burden of proof generally lies upon the party asserting or affirming a fact to the existence of whose case or defense the proof of such fact is essential. If a negation or negative affirmation be so essential the proof of such negative lies on the party so affirming it." This instruction was a correct abstract principle of law and was not confusing or misleading to the jury. Code § 38-103.

5. The condemnor complains of the following instruction: "Where in the opinion of the jury the evidence is equally balanced on each side and where the jury believe the evidence on each side equally creditable, where the jury believe that the evidence is as strong on one side as on the other, then a preponderance of the evidence would not be carried and in such case it would be the duty of the jury to find a verdict in favor of the defendant." The condemnor insists that this charge was confusing and inappropriate. We cannot agree with this conclusion, the charge having been applicable to the facts of the case and correct as an abstract principle of law. This ground of the motion is without merit. *Nalley Land &c. Co.* v. *Merchants & Planters Bank,* 187 *Ga.* 142, 148 (199 S. E. 815). The trial judge did not err in denying the motion for a new trial.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*