40998. LEWIS v. STATE HIGHWAY DEPARTMENT.

DECIDED NOVEMBER 30, 1964—REHEARING DENIED
DECEMBER 16, 1964.

*Jones, Sparks, Benton & Cork, Frank C. Jones,* for plaintiff in error.

*Eugene Cook, Attorney General, Richard L. Chambers, Horace E. Campbell, Jr., Assistant Attorneys General, T. Reese Watkins, Deputy Assistant Attorney General,* contra.

EBERHARDT, Judge. ■ Error is assigned on the following charge as being unsound as an abstract statement of law (ground 6) and as confusing, misleading and argumentative (ground 7): "The law further provides that the burden of proof generally lies upon the party asserting a fact. Therefore, where the condemnee asserts the compensation to be paid, to which she is justly entitled, is greater than that shown by the condemnor's evidence, then the law places upon her likewise the burden to prove by a preponderance of the evidence that such assertion on her part is true."

We agree that the charge is unsound as an abstract statement of law under the authority of *Georgia Power Co. v. Brooks,* 207 Ga. 406, 411 (62 SE2d 183). There the court, speaking through Chief Justice Duckworth, held that "The basic and controlling requirement is the constitutional command that, before such taking of private property for public use, the taker must first pay therefor, and this burdens the taker to prove the value thereof. To obtain a verdict fixing that value, the taker must introduce evidence showing value . . . That ruling is consistent with the ruling placing the burden of proving the value upon the condemnor. In all cases the parties are privileged to produce evidence that is beneficial to themselves, irrespective of the evidence of the other party." Accord: *Andrus v. State Hwy. Dept.,* 93 Ga. App. 827, 828 (2) (93 SE2d 174); *Georgia Power Co. v. Smith,* 94 Ga. App. 166, 167 (3) (94 SE2d 48); *Garner v. Gwinnett County,* 105 Ga. App. 714, 717 (3) (125 SE2d 563).

The distinction between the "burden of proof" and the "burden of producing evidence" is clearly shown in *Smith*, 94 Ga. App. 166, supra, where Justice Quillian said: "In a case where the power of eminent domain is exercised, the burden is on the condemnor to show the value of the property taken and the consequential damages to the remainder of the property. Where a verdict is returned for an amount larger than is authorized by the evidence adduced by the condemnor, that of the condemnee must support the verdict; that is, the condemnee's proof, added to and supplemented by facts appearing from that of the condemnor for that purpose must furnish the factual foundation for the verdict rendered by the jury. From the composite of all the facts related and the opinions given by the witnesses the jury may properly predicate a verdict representing their own opinion."

Condemnor relies on *Polk v. Fulton County*, 96 Ga. App. 733, 735 (3) (101 SE2d 736) where a charge of the principle of *Code* § 38-103 was approved in a condemnation case. That is clearly in conflict with and must yield to *Georgia Power Co. v. Brooks*, 207 Ga. 406, supra. It is to be observed that the rules of pleading applicable to the ordinary case have no application to condemnation cases where the condemnee is not required to plead or answer and failure to do so does not result in a default. Condemnation is a statutory procedure.

But even if the ruling in *Polk* should not be viewed as conflicting with *Brooks*, it is easily distinguishable because in it the condemnee did answer and affirmatively plead a certain value as to his land and the factors which he contended entered into that value. That was not done here.

■ Condemnee also complains of the exclusion of evidence offered by one of its experts. The expert, one Persons, first testified as to his opinion of market value, based on a square footage evaluation, then tried to explain that his square foot value for the property taken was in part based on the square foot value placed on a similar tract almost directly across the street when it had been recently leased to a chain grocery store.

This evidence was erroneously withheld from the jury. When a witness is qualified as an expert, it is not necessary that he state the facts on which his opinion is based but he may do so. *Clemones v. Alabama Power Co.*, 107 Ga. App. 489, 492 (2) (130

SE2d 600). Since an ordinary witness is required to give the basis for his opinion (*Code* § 38-1708) it would be an absurdity to hold that an expert could not do it.

Though the evidence was offered only as an explanation of the basis on which the expert formed his opinion that the land taken had a market value of $1.00 per square foot, it would seem to qualify as proper evidence if offered as direct proof of value. Mr. Persons offered to testify that on behalf of the owner of a tract of land located directly across the street from that of the condemnee he had negotiated a long term lease in which a ground rental of 8 percent of the value was based upon an agreed valuation of $1.20 per square foot and an additional rental of 11 percent of the cost of improvements to be erected thereon. At the time of the negotiation of the lease, approximately a year prior to the taking of condemnee's land, both tracts were vacant —having no improvements on them. The lease was to become effective when improvements were completed, which took place five months prior to the date of taking. The leased land was a tract of 75,000 square feet, while condemnee's tract had an area of 87,500 square feet. Thus, at the time of the negotiation of the lease there was great similarity between the two tracts, and the lease, negotiated between private parties and at arms length dealing, amounted to a partial sale, Atlantic C. L. R. Co. v. United States, 132 F2d 959 (C.A. 5), which we deem to be relevant both for the showing of the basis of the expert's opinion and for the showing of value itself by comparable sales.

The error assigned in the remaining special ground will not likely arise on the new trial and is not passed upon. The general grounds are not argued.

*Judgment reversed. Bell, P. J., and Jordan, J., concur.*