65371. HALEY et al. v. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY.

McMurray, Presiding Judge.

The defendants in this declaratory judgment action are also the defendants in an action in the courts of Tennessee. The complaint in the Tennessee action alleges that defendants sold to certain residents of that state a number of swine which were infected with pseudorabies virus or were without proper vaccination and health papers. The Tennessee purchasers in their action seek to recover damages from defendants upon various theories including breach of contract, breach of implied and express warranties, and fraud.

Plaintiff alleges that defendants called upon the plaintiff to defend the Tennessee action and to pay any verdict and judgment rendered therein pursuant to the provisions of certain insurance policies issued by plaintiff. Plaintiff alleges that there is no coverage and no duty to defend under the insurance policies in force.

Following discovery, the opposing parties submitted their motions for summary judgment to the trial court. The motion for summary judgment of defendants was denied and that of the plaintiff granted. Defendants appeal enumerating as error the trial court's decision in granting plaintiff's motion for summary judgment and in denying defendants' motion for summary judgment. *Held:*

The record shows three insurance policies issued by the plaintiff and naming as insured, one of the defendants. These policies for purpose of discussion will be identified as policies A ("General Liability - Automobile"), B ("Farmowners"), and C ("Combination Automobile") which is as they are identified in the record as attached to the affidavit of plaintiff's district claims manager.

Any coverage will be under the policy provisions dealing with "property damage." The Tennessee action states no claims relating to bodily injuries or medical payment.

As to policy C, "property damage" liability is applicable only to injury to or destruction of property, including the loss of use thereof, caused by accident and "arising out of the ownership, maintenance, or use of the automobile." This motor vehicle liability policy provides

no coverage applicable to the claims made in the Tennessee action.

Both, policies A and B, contain the provision that the plaintiff "will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of . . . property damage to which this insurance applies, caused by an occurrence, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such . . . property damage, even if any of the allegations of the suit are groundless, false or fraudulent . . ." Two of the terms contained within the provisions of policies A and B, which are germane to the decision of the case sub judice, are defined in policies A and B as: " 'occurrence' means an accident, including continuous or repeated exposure to conditions, which results in . . . . property damage neither expected nor intended from the standpoint of the insured; . . . 'property damage' means (1) physical injury to or destruction of tangible property which occurs during the policy period, including the loss of use thereof at any time resulting therefrom, or (2) loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an occurrence during the policy period."

To the extent that the Tennessee action is predicated upon intentional misrepresentations allegedly made by defendants no coverage is provided. Any damages resulting from intentional misrepresentations by defendants would not be caused by an occurrence. To be an occurrence the property damage resulting therefrom must be "neither expected nor intended from the standpoint of the insured." In contrast an action for fraud and deceit must be based upon a representation or concealment which was made with the intention and purpose of deceiving the opposite party and for the purpose of injuring him. In such cases knowledge of the falsehood constitutes an essential element and must be proven. *Lively v. Garnick,* 160 Ga. App. 591, 592 (1) (287 SE2d 553); *Day v. Randolph,* 159 Ga. App. 474, 475 (283 SE2d 687). See also *Wells v. Gress,* 118 Ga. 566, 567 (45 SE 418).

Policies A and B both contain exclusions whereby coverage does not apply to property damage to products sold by insured, arising out of such products. Therefore, any property damage to the property sold by defendant arising from its infection with pseudorabies is not covered by either policy. Compare Hamilton Die Cast v. United States Fid. &c. Co., 508 F2d 417; Economy Mills v. Motorist Mut. Ins. Co., 154 NW2d 659; and L. D. Schreiber Cheese Co. v. Standard Milk Co., 457 F2d 962. This exclusion does not prevent coverage of a healthy pig or hog sold by defendants to the Tennessee purchasers which may have been damaged by the infected swine alleged to have been sold by defendants. L. D. Schreiber Cheese Co. v. Standard Milk

Co., 457 F2d 962, 967, supra.

Remaining for consideration is the question of coverage insofar as the Tennessee action states a claim for damages for property damage, caused by the swine sold by defendants, to other tangible property. The complaint in the Tennessee action alleges that purchasers of swine from defendants have had their farm quarantined due to the introduction of swine purchased from defendants.

For purposes of review of the grant of summary judgment to plaintiff, we must construe the evidence most strongly against the plaintiff. *Cowart v. Five Star Mobile Homes,* 161 Ga. App. 278, 280-281 (291 SE2d 13); *North v. Toco Hills,* 160 Ga. App. 116, 119 (286 SE2d 346). Therefore, due to the lack of evidence on the point, we must assume for purposes of review that defendants neither expected nor intended any property damage to result from the introduction of swine they had sold into the Tennessee farm. The property damage resulting from the introduction of swine sold by defendants into the Tennessee farm would therefore have been both sudden and unexpected. This event would be an occurrence as defined in policies A and B if the property damage definition was satisfied.

The definition of property damage is two pronged. First, property damage may be physical injury to or destruction of tangible property. In the case sub judice, this would apparently be infestation of the Tennessee farm and the animals there by the introduction of the pseudorabies virus from swine sold by defendants. Secondly, property damage may be loss of use of tangible property which is not physically injured or destroyed, caused by an occurrence. In the case sub judice, this would include the quarantine of the Tennessee farm.

The complaint is the primary reference available in the record before us as to the factual basis of the claims against defendants. That complaint is less than clear as to whether damages for physical injuries resulting from the introduction of infected swine into the environment of the Tennessee farm are sought or whether the claim extends only to loss of use of the Tennessee farm and the animals thereon resulting from precautions taken, such as quarantine. The answer not being revealed upon the record, we must again construe the evidence against the plaintiff and assume that both claims are presented. *Cowart v. Five Star Mobile Homes,* 161 Ga. App. 278, supra; *North v. Toco Hills,* 160 Ga. App. 116, supra.

Thus, insofar as there are claims predicated on physical injury to the Tennessee farm caused by the swine sold by defendants, we find coverage is provided under the general provisions of policies A and B, (assuming as stated above that an occurrence has caused the property

damages, i.e., actual physical injury to tangible property other than the swine sold by defendants) and no exclusion appears to be applicable. Therefore as to policies A and B the grant of summary judgment in favor of plaintiff was error.

We also note in regard to the second prong of the definition of property damage (loss of use of tangible property which has not been physically injured or destroyed, provided such loss of use is caused by an occurrence) that policy A, by exclusion, does not apply "to loss of use of tangible property which has not been physically injured or destroyed resulting from . . . the failure of the named insured's products or work performed by or on behalf of the named insured to meet the level of performance, quality, fitness or durability warranted or represented by the named insured." It would appear that some portions of the claim in the Tennessee action are not covered due to this language. Policy B does not contain this exclusion, therefore, policy B provides coverage for this type of property damage.

As there remain genuine issues of material fact as to whether some of the claims raised in the Tennessee action are covered under policies A and B, the trial court erred in granting summary judgment in favor of plaintiff and against defendants. At the same time, the remaining issues of material fact as to coverage, including the issue of the knowledge and intent of defendants, bar the grant of summary judgment in favor of defendants and the trial court was correct in so ruling.

*Judgment affirmed in part and reversed in part. Shulman, C. J., concurs. Birdsong, J., concurs in the judgment only.*

DECIDED MAY 12, 1983.

*C. Michael Roach,* for appellants.
*Joseph C. Parker,* for appellee.