## 75442. SPRUELL v. SMITH.
(364 SE2d 594)

BANKE, Presiding Judge.

The appellant sued the appellee, a neurosurgeon, to recover damages for alleged medical malpractice. The jury returned a verdict for the appellee, and the appellant brought this appeal from the denial of her motion for new trial. *Held*:

1. The appellant contends that the trial court erred in refusing to allow her medical expert to refer to the contents of a respected medical text in support of his opinion as to the precautions which should be taken to avoid damage to tissue outside the disc space during the performance of a laminectomy.

An examination of the transcript reveals that the witness did not refer to the contents of the medical text as support for any opinion which he had offered but was simply asked to state what the text said with respect to the subject under consideration. "While an expert witness may support his opinion by reference to books, statistical sources and other learned sources, his testimony is inadmissible when it is merely a restatement of a textbook opinion rather than an independent expression of his own expert opinion." *Dept. of Transp. v. Brand,* 149 Ga. App. 547 (1) (254 SE2d 873) (1979). See also *Isley v. Little,* 219 Ga. 23, 31 (131 SE2d 623) (1963). Moreover, even had the contents of the medical text been referred to by the witness as support for his own opinion, this enumeration of error would establish no ground for reversal since no offer of proof was made with respect to the excluded evidence. See generally *Paulk v. Thomas,* 115 Ga. App. 436 (4) (154 SE2d 872) (1967).

2. The appellant contends that the trial court further erred in "disallowing" certain testimony which she sought to elicit from her medical expert in response to a hypothetical question. An examination of the transcript reveals that the witness was not prevented from responding to the hypothetical but that, to the contrary, he did respond to it, expressing clearly and unambiguously his opinion that the appellee failed to exercise due care in his treatment of the appellant.

From the argument offered in support of this enumeration of error, it is evident that the appellant's complaint actually relates to the conduct of appellee's counsel in interrupting her counsel in the midst of the lengthy hypothetical, to object that the question was overly lengthy and repetitious. Appellant's counsel responded to the objection by stating, "I will be happy not to put even this much . . . ,"

whereupon the trial court interjected the following comment: "Well, I don't think it's necessary to review all the evidence in the case to state your hypothetical. You can be more brief than that." The appellant's counsel then completed the hypothetical question and obtained an answer from the witness without further interruption. The appellant's counsel's assertion on appeal that the interruption and ensuing colloquy caused him to lose his train of thought and to feel "awkward and unintelligent before the jury" clearly establishes no ground for reversal under these circumstances.

*Judgment affirmed. Carley and Benham, JJ., concur.*

DECIDED DECEMBER 4, 1987 —
REHEARING DENIED JANUARY 5, 1988.

*Larry W. Thomason*, for appellant.

*Sidney F. Wheeler, Earl W. Gunn, Suzanne M. Trexler*, for appellee.