A95A0960. CONSOLIDATED AMERICAN INSURANCE COMPANY v. SPEARS et al.
(462 SE2d 160)

Smith, Judge.

This is an appeal from an order on cross-motions for summary judgment in a declaratory judgment action. The Wests, dissatisfied purchasers of a home constructed by E.L. Spears and E.L. Spears, Inc., brought an action against them alleging fraud and breach of contract. Consolidated American Insurance Company defended the suit under a reservation of rights and non-waiver agreement. At trial, the jury returned its verdict on a special verdict form, finding that both defendants "did, by a preponderance of the evidence, defraud Plaintiffs," and awarded damages to the Wests. The jury declined, however, to award punitive damages.

Consolidated American then brought this action against Spears, E.L. Spears, Inc., and the Wests, seeking a declaration of no coverage under its commercial general liability policy issued to E.L. Spears, Inc. Discovery proceeded, and the parties filed cross-motions for summary judgment. The trial court denied Consolidated American's motion and granted summary judgment in favor of the defendants. This appeal followed.

1. Consolidated American contends the trial court erred in denying its motion for summary judgment and granting summary judgment to appellees because the policy excludes from coverage " 'bodily injury' or 'property damage' expected or intended from the standpoint of the insured." *Southern Mut. Ins. Co. v. Mason*, 213 Ga. App. 584, 586-587 (1) (445 SE2d 569) (1994). It asserts that the jury's finding of fraud in the underlying action falls within this exclusion. We agree and reverse.

It is axiomatic that " '[t]he tort of fraud has five elements: a false representation by a defendant, scienter, intention to induce the plaintiff to act or refrain from acting, justifiable reliance by plaintiff, and damage to plaintiff.' " (Citation omitted.) *Baldwin v. Roberts*, 212 Ga. App. 546, 547 (2) (442 SE2d 272) (1994). Because the tort of fraud is based upon a representation or concealment made with the intention and purpose to deceive, no coverage for such an act is provided under a policy which excludes coverage for "expected or intended" acts. *Haley v. Ga. Farm &c. Ins. Co.*, 166 Ga. App. 596, 597 (305 SE2d 160) (1983).

Appellees maintain that the jury's verdict in the underlying action does not speak the truth and that Spears and E.L. Spears, Inc. were actually found liable for "constructive fraud," which they assert does not necessarily imply intent. However, "[c]onstructive fraud is an equitable doctrine and will not support an action for damages. [Cit.]" *Nalley Northside Chevrolet v. Herring*, 215 Ga. App. 185, 187 (4) (450 SE2d 452) (1994). In order to support an action for damages, a misrepresentation must be made either knowingly or with reckless disregard for the consequences. *Irvin v. Lowe's of Gainesville*, 165 Ga. App. 828, 830 (4) (302 SE2d 734) (1983). The trial court recognized this distinction in the charge conference. The Wests' complaint in the underlying action alleges intentional fraud, and the consolidated pretrial order signed by the parties frames the issue in similar fashion. Finally, the parties agreed to the verdict form presented to the jury and did not object to the form of the verdict after it was returned by the jury. See *Perryman v. Rosenbaum*, 205 Ga. App. 784, 789 (4) (423 SE2d 673) (1992).

Spears offers the affidavits of several jurors in the underlying case in an attempt to show that the verdict does not reflect the jurors' actual intentions. OCGA § 9-10-9 provides, however, that "[t]he affi-

davits of jurors may be taken to sustain but not to impeach their verdict." This prohibition is strictly applied in civil cases. *Perryman v. Rosenbaum*, supra, 205 Ga. App. at 787 (3). " '[A]fter a verdict has been received and the jury have dispersed, a juror will never be heard to say that he did not agree to the verdict.' " Id. at 786 (2) (a). An affidavit seeking to impeach a verdict will not be considered even if it attempts only to modify the verdict rather than overturn it. Indirect attempts to undermine the legitimacy of a verdict, claiming a misunderstanding of jury instructions or a mistake as to the contents of the verdict, are equally improper, and the trial court abused its discretion in considering jurors' affidavits that attempted to change and impeach their verdict. Id. at 786 (2) (a), (b).

Moreover, this court has already affirmed the underlying judgment on the jury verdict by unpublished opinion, thereby finding sufficient evidence to support a verdict of intentional fraud. *Spears v. West*, 212 Ga. App. XXIX, XXX (1994). If jurors are permitted to testify that their intentions were other than the plain meaning of their verdict, particularly after affirmance on appeal on the very basis later attacked, "no verdict will be safe from subsequent attack." *Perryman*, supra, 205 Ga. App. at 788.

Appellees also argue there was no evidence of an intentional act because the jury refused to return an award of punitive damages against Spears and E.L. Spears, Inc. The burden of proof for punitive damages, however, is substantially higher than that generally applicable to civil actions, requiring "clear and convincing" evidence rather than simply a preponderance. OCGA § 51-12-5.1 (b). Both standards were clearly set out for the jury in the special verdict form, to which the parties consented. Also, the "expected or intended" exclusion does not require an action that rises to the level of wilful, wanton conduct so as to support punitive damages; the action need only be intentional, and intended to produce the result. The elements of scienter and intention to induce the defrauded party to act or refrain from acting fulfill this requirement.

The jury in the underlying action found that Spears and E.L. Spears, Inc. were liable for fraud. Fraud requires a false representation made with both scienter and the intent to induce reliance. This is an "intentional act" within the meaning of the policy exclusion, and the trial court therefore erred in granting summary judgment to appellees and in denying summary judgment to Consolidated American.

2. Because the "expected or intended" policy provision demands reversal, we need not reach Consolidated American's remaining enumerations of error.

*Judgment reversed. Birdsong, P. J., and Johnson, J., concur.*

DECIDED AUGUST 25, 1995 —
RECONSIDERATION DENIED SEPTEMBER 12, 1995 — 

Goodman, McGuffey, Aust & Lindsey, William S. Goodman, Leslie S. Sullivan, for appellant.

Kitchens, Kelley & Gaynes, Stephen V. Kern, Quirk & Quirk, Joseph P. Quirk, for appellees.