## A97A1096. KIM v. METROPOLITAN ATLANTA OLYMPIC GAMES AUTHORITY.
### (489 SE2d 372)

BEASLEY, Judge.

The Metropolitan Atlanta Olympic Games Authority (MAOGA) instituted this condemnation proceeding. Kim and another condemnee appealed the special master's award to superior court, asserting error in the determination that they cannot recover business losses because their leasehold property interests are not "unique." The court entered judgment on the jury verdict which resolved the foregoing issue favorably to the other condemnee but adversely to Kim. Kim moved for new trial, asserting error in the court's jury charge, and now appeals the denial of his motion.

1. The jury charge enumerated as error is that the condemnees "have the burden of proving the issue of uniqueness."

"The term 'uniqueness' is used in two contexts. One is where the property on which a business is situated constitutes a 'unique' location, allowing business losses. The other is where property is 'unique,' so that its fair market value does not represent the condemnee's actual loss. [Cits.]" *Raiford v. Dept. of Transp.*, 206 Ga. App. 114, 119 (2) (424 SE2d 789) (1992). This case involves the first type of uniqueness.

The condemnee has the burden of proving the property to be unique in both the first and second contexts. See *Housing Auth. &c. of Atlanta v. Southern R. Co.*, 245 Ga. 229, 231 (1) (A) (264 SE2d 174) (1980) (second context); *Dept. of Transp. v. Bales*, 197 Ga. App. 862, 865 (4) (400 SE2d 21) (1990) (second context); *MARTA v. Ply-Marts*, 144 Ga. App. 482, 483 (1) (241 SE2d 599) (1978) (first context).

Kim relies on decisions holding that the condemnor must prove the value of the land taken and consequential damages to the remainder; that this burden of proof never shifts from the condemnor, though a burden of producing evidence may arise on the part of the condemnee when he asserts the value of the land taken or the consequential damage amount is greater than that shown by the condemnor's evidence; and that it is error to charge that where the condemnee makes the foregoing assertion, the burden of proof rests on him to prove by a preponderance of the evidence that such assertion is true. *Glover v. Dept. of Transp.*, 166 Ga. App. 512 (304 SE2d 567) (1983); *Lewis v. State Hwy. Dept.*, 110 Ga. App. 845 (140 SE2d 109) (1964).

The law is as set forth in the previously cited cases: the condemnor's burden of proving land value or consequential damages never shifts to the condemnee; and the condemnee has the burden of proving the fact that the property is unique, so as to be entitled to have land value or consequential damages determined by a method

other than fair market value, or to have business losses determined as a separate item of damages.

In addition to giving the complained-of charge, the court instructed the jury that the burden of proof is on the condemnor to prove by a preponderance of evidence what amount of money constitutes just and adequate compensation for the property taken. We find no error.

2. Kim also challenges the jury instruction that the jury would be authorized to find in favor of either or both condemnees if it believed "from a preponderance of the evidence" that the property interest of either or both was unique.

Although Kim did not object to this part of the charge at trial or cite it in his motion for new trial, he argues in essence that appellate review is still required because this instruction constituted substantial error harmful as a matter of law. OCGA § 5-5-24 (c). Far from reaching that category, the charge was not error. A party in a civil case meets the burden of proof by a preponderance of the evidence. See generally *Consolidated American Ins. Co. v. Spears*, 218 Ga. App. 478, 480 (1) (462 SE2d 160) (1995).

*Dept. of Transp. v. 2.734 Acres of Land*, 168 Ga. App. 541, 542 (1) (309 SE2d 816) (1983), relied on by Kim, holds that only slight evidence is necessary to authorize a jury charge on the uniqueness of a business and subsequent recovery of its losses. The foregoing rule is not inconsistent with placement of the burden on the condemnee to prove the fact of uniqueness by a preponderance of the evidence. See *Stinson v. State*, 215 Ga. App. 12, 13 (2) (449 SE2d 544) (1994) (slight evidence will justify a charge even where the preponderance of the evidence tends to show the non-existence of such a fact).

*Judgment affirmed. McMurray, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JULY 24, 1997.

*David W. Graybeal, Jr.,* for appellant.

*Paul, Hastings, Janofsky & Walker, John G. Parker, Brian D. Sullivan,* for appellee.