A98A2203. DENT et al. v. CANDLER HOSPITAL, INC.
(512 SE2d 392)

BARNES, Judge.
Ruth Dent, individually, and Kim Birge, as executrix of the Estate of William Dent, sued Candler Hospital, Inc. for wrongful death and medical malpractice. After a three-day trial, the jury returned a verdict in favor of Candler Hospital on the wrongful death

claim and awarded the executrix $25,100 for William Dent's medical expenses and pain and suffering. Dent and Birge appeal, contending the trial court erred when it (1) failed to inform the parties of jury misconduct during the trial, (2) refused to allow their expert to refer to an authoritative text, and (3) denied a motion for new trial on these grounds. We affirm.

1. In their first enumeration of error, appellants assert the trial court committed reversible error because it learned of jury misconduct on the second day of trial and failed to advise the parties of this misconduct. Appellants support this claim with an affidavit from the court bailiff. In this affidavit, the bailiff states: "2. On the morning of the second day of jury trial in this matter, Thursday, January 15, 1998, I was employed as a Chatham County deputy sheriff assigned to Judge Brannen's courtroom. In this capacity I checked in jurors as they arrived for duty. In this capacity it was brought to my attention that one juror had read and brought with him copies of certain literature discussing the Glyburide drug in issue in the case. 3. I advised the juror he was not supposed to be talking to anyone about the case. I then immediately advised Judge Brannen of *this* conversation." (Emphasis supplied.)

We find no merit in this enumeration because appellants have not met their burden of proof on appeal. "The burden is on the party alleging error to show it affirmatively by the record." *Wilson v. Walker*, 139 Ga. App. 145 (227 SE2d 920) (1976). In this case, the bailiff's affidavit does not affirmatively establish that the trial court knew everything that the bailiff had learned. The use of the words "this conversation" in paragraph three of the bailiff's affidavit makes it impossible for us to determine exactly what the bailiff told the trial court. Did the bailiff tell the judge only that he told the juror that "he was not supposed to be talking to anyone about the case," or did he tell the judge everything that he had learned? We note that, based upon the appellant's motion for new trial brief, the appellants never argued below that the trial court committed error by failing to inform the parties of jury misconduct known to the court. Finally, the hearing on appellant's motion is not included as part of the record and the trial court's order on the motion for new trial gives no indication whatsoever that the trial judge was aware of actual or potential jury misconduct prior to the verdict.

When the evidence in the record is ambiguous as to whether the trial court did or did not know of jury misconduct during the trial, we cannot find an abuse of discretion by the trial court in failing to advise the parties of the misconduct. "The conduct of the trial of any case is necessarily controlled by the trial judge, who is vested with a wide discretion and in the exercise of which an appellate court should never interfere unless it is made to appear that wrong or oppression

has resulted from its abuse." (Citations and punctuation omitted.) *Rogers v. State*, 163 Ga. App. 641, 645 (5) (295 SE2d 140) (1982).

2. In their second enumeration of error, appellants contend the trial court improperly sustained an objection to their medical expert referring to an authoritative text on direct examination. Appellants cite the following portion of the record in support of this enumeration: "Q. Doctor, you mentioned that you're relying on some literature in discussing those opinions you just gave me. [Appellee's Counsel]: Your Honor, I object. I don't believe this is the way you introduce literature. I think it's — you have an adverse party, you ask him if it's standard and authoritative, if they agree, you can use it. I don't think you can put your own witness up and have him self-authenticate. The Court: I sustain the objection." The record does not show what literature the appellants were attempting to introduce or what information they were attempting to elicit from their expert because they made no offer of proof.

We find no merit in this enumeration because appellant failed to make an offer of proof at trial. This Court cannot determine the propriety of the trial court's ruling without a proffer of the excluded evidence or testimony. *Spruell v. Smith*, 185 Ga. App. 484 (1) (364 SE2d 594) (1987); *Wright v. State*, 216 Ga. App. 486 (2) (455 SE2d 88) (1995).

3. In their remaining enumeration of error, appellants claim the trial court erred by failing to grant their motion for new trial which "addressed those errors cited above." We find no merit in this enumeration based upon our holdings in Divisions 1 and 2 of this opinion.

*Judgment affirmed. Johnson, C. J., and Smith, J., concur.*

DECIDED FEBRUARY 18, 1999.

*Ronald C. Berry*, for appellants.
*Oliver, Maner & Gray, William P. Franklin, Jr., Patricia T. Paul*, for appellee.