A99A0346. PENDARVIS CONSTRUCTION CORPORATION et al. v. COBB COUNTY-MARIETTA WATER AUTHORITY et al. ·
(520 SE2d 530)

POPE, Presiding Judge.

A jury returned a verdict of $5,826 in favor of Pendarvis Construction Corporation in a condemnation action involving an easement for an underground water line over its property sought by Cobb County-Marietta Water Authority (the "Water Authority"). Pendarvis appeals and contends a jury charge impermissibly shifted the burden of proof and the court erroneously excluded certain material evidence.

1. The court instructed the jury with regard to the burden of proof as follows:

> The law puts the burden of proof upon the condemnor to prove by a preponderance of evidence what amount of money constitutes just and adequate compensation for the property taken and that all material allegations made in the condemnor's pleadings are true except such allegations as are admitted by the owner in its pleadings or in open court.

> Those contentions admitted by the owner will be taken to be true without the necessity of the proof. Those allegations, neither admitted nor denied, must likewise be proven. While the burden of proof is upon the condemning authority, the owner of the property is also allowed to offer evidence upon the issues involved, and you must determine the issues in the case by the preponderance of evidence as you find it to be.

> The condemnor must prove its case by what is known as a preponderance of the evidence. That is evidence upon the issues involved which, while not enough to wholly free the mind from a reasonable doubt, is yet sufficient to incline a reasonable and impartial mind to one side of the issue rather than the other.

The court then instructed the jury on credibility, expert testimony, and several other matters including determining value of the property. Then the court gave this instruction: "The condemnee bears the burden of showing the amount of any additional damages with a rea-

sonable degree of certainty. The amount of compensation for such additional damages cannot be left to speculation, conjecture or guess work by the jury."

The charge regarding the burden on the condemnee was erroneous. *Lewis v. State Hwy. Dept.*, 110 Ga. App. 845 (140 SE2d 109) (1964). In *Lewis*, the court gave a charge which concluded with the following:

> where the condemnee asserts the compensation to be paid, to which she is justly entitled, is greater than that shown by the condemnor's evidence, then the law places upon her likewise the burden to prove by a preponderance of the evidence that such assertion on her part is true.

Id. at 846. The court in *Lewis*, held that this charge impermissibly shifted the burden of proof from the condemnor. "The burden of proving value and damages never shifts from the condemnor, though a burden of producing evidence may arise on the part of the condemnee when he asserts the greater value or damage." Id. at 845 (1) (b). See also *Dawson v. Dept. of Transp.*, 203 Ga. App. 157, 158-159 (416 SE2d 163) (1992).

The Water Authority argues that the charge given is consistent with *Lewis* because it only explains that Pendarvis had the burden of producing evidence to support its claim. Id. Although the charge as given used the phrase "burden of showing" instead of "burden of proving," we conclude the two are confusingly similar in this setting. In *Ga. Power Co. v. Smith*, 94 Ga. App. 166 (1) (94 SE2d 48) (1956), the court explained the difference between the burdens on the parties in a condemnation action, and in so doing said, "In a case where the power of eminent domain is exercised, the burden is on the condemnor to show the value of the property taken and the consequential damages to the remainder of the property." Thus, the word "show" was used to describe the condemnor's burden. Its use here certainly suggests that the condemnee had the burden. The charge used in this case then required Pendarvis to make this showing "with a reasonable degree of certainty." This phrase also suggests a burden of proof. See *Herr v. Withers*, 237 Ga. App. 420 (515 SE2d 174) (1999) (improper charge on reasonable degree of medical certainty).

The Water Authority contends *Dept. of Transp. v. Bird*, 158 Ga. App. 369 (280 SE2d 394) (1981) sanctions the charge given in this case. In that condemnation case, this court stated:

> Where a party seeks additional damages he has the burden of proof of showing the amount of loss in a manner from

which the jury or the trial judge in a non-jury case can calculate the amount of the loss with a reasonable degree of certainty.

Id. at 370. However, none of the three cases cited for the proposition are condemnation cases.[1] The court in *Bird* continued its reasoning and stated that once the condemnor showed a prima facie case, "the burden then fell upon the [condemnee] to show that the [condemnor's] proof of value was inadequate." *Bird*, 158 Ga. App. at 371.

This statement is not consistent with condemnation law. See *Lewis*, 110 Ga. App. at 845; *Dawson*, 203 Ga. App. at 157. The burden of proof in a condemnation case never shifts and *Bird* states that it does. As explained by the Supreme Court,

> While there are involved [in a condemnation action] such matters as requiring the condemnor to make proof against its interest and the necessity for evidence to authorize the amount found for the condemnee — which would suggest that the condemnee should have the burden of proving injury, however, the basic and controlling requirement is the constitutional command that, before such taking of private property for public use, the taker must first pay therefor, and this burdens the taker to prove the value thereof.

*Ga. Power v. Brooks*, 207 Ga. 406, 411 (4) (62 SE2d 183) (1950). We therefore disapprove of using the language in *Bird* as the basis for a jury charge regarding the burden of the condemnee. We further criticize *West v. Dept. of Transp.*, 176 Ga. App. 806, 809 (2) (338 SE2d 45) (1985) to the extent it appears to sanction the holding in *Bird*.

Even taken as a whole, the charge given impermissibly placed the burden of proof on Pendarvis to show a value greater than offered by the Water Authority. As such, it was error to give the charge.

2. During the charge conference, Pendarvis stated it had no objection to any of the Water Authority's proposed jury charges. After the court charged the jury, Pendarvis stated it had no objection to the whole charge as given. Failure to object to an instruction before the jury returns its verdict generally results in a waiver of any defects in the charge. OCGA § 5-5-24 (a); *Bryant v. Housing Auth. of City of Atlanta*, 121 Ga. App. 32 (2) (172 SE2d 439) (1970); *Pope v. Goodgame*, 223 Ga. App. 672, 675 (3) (c) (478 SE2d 636) (1996). However, "the appellate courts shall consider and review erroneous charges

---

[1] *Hayes v. Flaum*, 138 Ga. App. 787 (227 SE2d 512) (1976) (landlord-tenant dispute); *Taylor v. Roberson*, 127 Ga. App. 24 (192 SE2d 384) (1972) (automobile collision); *Studebaker Corp. v. Nail*, 82 Ga. App. 779 (62 SE2d 198) (1950) (breach of automobile warranty).

where there has been a substantial error in the charge which was harmful as a matter of law, regardless of whether objection was made hereunder or not." OCGA § 5-5-24 (c).

"A charge 'harmful as a matter of law' is one that is blatantly apparent and prejudicial to the extent that it raises the question of whether the losing party has, to some extent at least, been deprived of a fair trial because of it, or a gross injustice is about to result or has resulted directly attributable to the alleged errors."

(Citations and punctuation omitted.) *Shilliday v. Dunaway*, 220 Ga. App. 406, 411 (8) (469 SE2d 485) (1996); *Bryant*, 121 Ga. App. at 32 (2).

The error in this case was an error of law and it was prejudicial because it went to the primary issue in the case, the value of the property. The charge shifted the burden of proof on that issue, and the jury awarded only $426 more than the $5,400 sought by the Water Authority, less than one-half of one percent of what Pendarvis sought over and above that amount. Thus the charge may well have affected the outcome of the case and deprived Pendarvis of a fair trial. The charge was not corrected by the charge as a whole. It was separated from the earlier charge giving the Water Authority's burden and it may have taken on an importance in the jurors' minds separate from the earlier charge. Compare *Trustees of Trinity College v. Ferris*, 228 Ga. App. 476, 481 (8) (491 SE2d 909) (1997) (no substantial error in whole charge, absent objection).

3. Pendarvis contends the court erred in refusing to allow certain testimony. Frank Pendarvis, who was representing the corporation, was allowed to testify extemporaneously in support of his case. At one point in his monologue, he appeared to begin to discuss the use of one of two prior easements on the property. The Water Authority objected on the grounds that there was no issue regarding the use of the prior easements; the only issue in the case was value. The court sustained the objection on those grounds.

The court has wide discretion to admit testimony of questionable relevance and we cannot say the court committed reversible error. *Mosier v. State*, 218 Ga. App. 586, 587 (462 SE2d 643) (1995). Further, Pendarvis made no proffer of the excluded evidence and this court cannot determine the propriety of the trial court's ruling without a proffer of the excluded evidence or testimony. *Spruell v. Smith*, 185 Ga. App. 484 (1) (364 SE2d 594) (1987); *Wright v. State*, 216 Ga. App. 486 (2) (455 SE2d 88) (1995).

*Judgment reversed. Johnson, C. J., McMurray, P. J., Andrews,*

*P. J., Blackburn, P. J., Smith, Ruffin, Eldridge and Barnes, JJ., concur.*

DECIDED JULY 8, 1999.

*Cochran, Camp & Snipes, Scott A. Cochran,* for appellants.
Frank Pendarvis, *pro se.*
*Talley & Darden, David P. Darden,* for appellees.