### A00A0962. GENERAL LIGHTING DISTRIBUTING, INC. v. COBB COUNTY.
(538 SE2d 807)

RUFFIN, Judge.

Cobb County condemned a parcel of land owned by General Lighting Distributing, Inc. for a road improvement project. Following a hearing, a special master awarded General Lighting $450,000. General Lighting appealed the award, demanding a jury trial. The jury returned a verdict for $506,300, and the trial court entered judgment for General Lighting in that amount. General Lighting appeals, contending that the trial court gave an erroneous jury charge on the burden of proving business damages. As the charge was a correct statement of the law, we affirm.

At trial, General Lighting sought damages for "the diminished value of the business" due to having to relocate. At trial, the judge charged the jury that

> [b]usiness losses are recoverable as a separate item of damages only if you believe from the evidence that the property involved is unique. The burden of proving such uniqueness is upon the defendant, and the defendant must carry that burden by a preponderance of the evidence, as I have previously defined it to you in this charge.

Counsel for General Lighting objected to this charge as improperly placing the burden of proof on the condemnee.[1] We disagree.

In cases involving a total taking of property, the general measure of damages is the fair market value of the property.[2] The burden of proving the value of the property rests with the condemnor, although the condemnee must produce evidence if it asserts that the

---

[1] Cobb County contends that General Lighting has waived its challenge on appeal because it did not object to the trial court's failure to give a specific charge on the condemnor's burden of proof. But General Lighting did object to the charge that the condemnee bears the burden of proving uniqueness, and that is the charge at issue here.

[2] *Dept. of Transp. v. Sharpe*, 213 Ga. App. 549, 550 (1) (445 SE2d 343) (1994); *MARTA v. Ply-Marts, Inc.*, 144 Ga. App. 482, 483 (1) (241 SE2d 599) (1978).

property has a greater value than that shown by the condemnor.[3] Accordingly, in *Glover v. Dept. of Transp.*,[4] we ruled that "a charge that where the condemnee asserts that he is entitled to compensation greater than that shown by the condemnor's evidence the burden of proof rests upon him to prove by a preponderance of the evidence that his assertion is true, is error."[5]

If the condemnee is not adequately compensated by fair market value, then it may be entitled to other types of damages, including "loss of profits and diminution of the business."[6] Business losses are recoverable, however, only if the property is "unique."[7] Whether the property is "unique" is a jury question[8] which "depends upon the characteristics and location of the property in conjunction with the use to which it is being put."[9] We have held that the condemnee bears the burden of proving uniqueness.[10] Thus, the trial court's instruction that General Lighting bore the burden of proving uniqueness by a preponderance of the evidence was not error.

General Lighting asserts that our cases holding that the condemnee bears the burden of proving uniqueness cannot be reconciled with other cases holding that "[t]he burden of proving value and damages never shifts from the condemnor."[11] These two principles, however, are not in conflict. In the usual condemnation case, where the measure of damages is the fair market value of the property, the condemnor bears the burden of proving that value, and the burden of proof does not shift to the condemnee even if the condemnee disputes the figures offered by the condemnor. Because business losses are a separate category of damages available in addition to fair market value only in special cases where fair market value does not provide adequate compensation, the condemnee bears the burden of demonstrating that the condemned property is unique, thus establishing an entitlement to those extra damages.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

---

[3] *Lewis v. State Hwy. Dept.*, 110 Ga. App. 845, hn. 1 (b) (140 SE2d 109) (1964); *Pendarvis Constr. Corp. v. Cobb County-Marietta Water Auth.*, 239 Ga. App. 14, 15 (1) (520 SE2d 530) (1999).

[4] 166 Ga. App. 512 (304 SE2d 567) (1983).

[5] (Punctuation omitted.) Id. at 513.

[6] *MARTA*, supra.

[7] *Dept. of Transp. v. Dixie Hwy. Bottle Shop*, 245 Ga. 314, 315 (265 SE2d 10) (1980).

[8] Id.

[9] *Raiford v. Dept. of Transp.*, 206 Ga. App. 114, 119 (2) (424 SE2d 789) (1992).

[10] See *Kim v. Metro. Atlanta Olympic Games Auth.*, 227 Ga. App. 563 (1) (489 SE2d 372) (1997) ("[t]he condemnee has the burden of proving the property to be unique"); *MARTA*, supra ("the rule is that . . . claimed loss of business will not be considered, unless the condemnee has proved that the condemned property has some unique or peculiar relationship to the condemnee and his business").

[11] (Punctuation omitted.) *Pendarvis*, supra.

DECIDED AUGUST 30, 2000 —
RECONSIDERATION DENIED SEPTEMBER 15, 2000 — 

*G. Gibson Dean II*, for appellant.
*Bentley, Bentley & Bentley, Fred D. Bentley*, for appellee.