A04A0368. FLETCHER et al. v. ESTES et al.
(602 SE2d 164)

BARNES, Judge.

Kenneth and Carrie Fletcher sued Thomas L. Estes, M.D. and Surgical Associates of South Georgia, P.C., alleging that Estes committed medical malpractice in not performing laparoscopic exploratory surgery on Kenneth Fletcher to determine the source of his abdominal bleeding following an automobile wreck. Fletcher's bowel perforated several days after the rollover accident. He was in a coma for two and a half months, and underwent multiple surgeries. The case was tried before a jury, and after the jury deadlocked, the parties agreed to accept a less than unanimous verdict. The jury returned an 11-1 defense verdict, and Fletcher appeals, arguing that the trial court erred in granting Estes' motion in limine regarding a trauma care manual and in sustaining Estes' objection to testimony by Fletcher's emergency room physician regarding the manual. For the reasons that follow, we affirm.

1. This case was tried twice before, and twice ended in mistrials. The defendants filed a motion in limine to prohibit plaintiffs' counsel from reading treatises during direct examination of his witnesses, and to prohibit the Fletchers' witnesses from reading directly from treatises. The trial court ruled on the motion before the case was tried the first time, holding that the witnesses on direct cannot read the contents of treatises into the record, although they could testify that they were basing their opinions or actions on particular authorities. After the mistrials, the case was assigned to a different judge, and the defendants filed a motion to adopt previous motions. While both sides agree that the trial court in this case granted the defendants' motion in limine, the ruling is not in the record.

The Fletchers argue that the trial court "erred in refusing to allow the Advanced Trauma Life Support Manual [(ATLS)] promulgated by the American College of Surgeons into evidence, either directly or indirectly." They then argue that the manual was relevant to show the standard of care in the medical profession generally under the same or similar circumstances, but their argument is

general and does not specify when evidence of the manual should have been admitted. The manual itself is not in evidence, and they made no proffer during trial of what evidence they would have submitted if the trial court had not granted the defendants' motion in limine. "The burden is on the party alleging error to show it affirmatively by the record." (Citation and punctuation omitted.) *Dent v. Candler Hosp.*, 236 Ga. App. 540, 541 (1) (512 SE2d 392) (1999). "This court cannot determine the propriety of the trial court's ruling without a proffer of the excluded evidence or testimony. [Cits.]" Id. at 542 (2).

Even if Fletcher had proffered the manual itself, it was not admissible. "An expert may testify as to his opinions derived from a book, and his credibility may be tested by reference to a standard treatise in his field of expertise. However, medical articles [or texts] are not themselves admissible as evidence. Thus, the trial court did not err in excluding this evidence." (Citations and punctuation omitted.) *Austin v. Kaufman*, 203 Ga. App. 704, 709 (6) (417 SE2d 660) (1992).

Consequently, we find no merit in this enumeration.

2. Fletcher then argues that the trial court erred in sustaining an objection during his redirect examination of the treating emergency room physician. During cross-examination, Estes asked the doctor if she were ATLS certified, both now and when she treated Fletcher, and she responded yes. On redirect, Fletcher sought to ask the doctor what the ATLS manual recommended in a situation like Fletcher's, and the trial court sustained Estes' objection. Pretermitting whether Fletcher properly proffered the excluded deposition testimony, which he described by reference to the deposition pages and lines at trial and submitted in its entirety with his motion for new trial, we find no error.

In the excluded testimony, Fletcher asked the doctor what the manual said "regarding the results of a CT scan showing, in a blunt trauma situation such as we have here, no injury to the pancreas, the spleen, kidneys, the liver, or the aortic system, and then having a positive finding of blood or fluid in the paracolic gutters?" The doctor answered, "Then it says go to surgery, open up the patient . . . find out where the bleeding's coming from."

Fletcher argues that the trial court improperly restricted the doctor's testimony because Estes raised the issue of the doctor's training and ATLS certification and thus opened the door, citing *Halm v. State*, 125 Ga. App. 618 (1) (188 SE2d 434) (1972). We held in *Halm* that the trial court did not err in allowing the State to ask the warden of a prison camp if he would recommend the defendant as a "trusty," because the defendant had previously examined the same witness about the same subject matter. Id.

In this case, however, the question Fletcher sought to put to the emergency room physician was not related to her training, but rather to the contents of the manual. Instead of asking her what the next step in Fletcher's treatment should have been by applying the general standard of care, he asked her what the ATLS manual said the next step should have been, which is not allowed. "An expert may give an opinion upon the facts testified to by other witnesses, but not upon their opinions. A witness' opinion must be his own and he cannot act as a mere conduit for the opinions of others." (Citations and punctuation omitted.) *Cantrell v. Northeast Ga. Med. Center*, 235 Ga. App. 365, 369 (4) (508 SE2d 716) (1998). Additionally, the scope of redirect examination lies largely within the discretion of the trial court, and we will not find error unless the trial court abuses that discretion. See *Kessel v. State*, 236 Ga. 373, 375 (3) (223 SE2d 811) (1976).

Fletcher further contends that the manual should be admissible "for purposes of impeachment and challenging the credibility of the Defendants' witnesses and their testimony." First, this argument improperly expands the scope of the enumerated error. *K-Mart Corp. v. Hackett*, 237 Ga. App. 127, 130 (1) (514 SE2d 884) (1999). Second, the record shows that Fletcher thoroughly cross-examined both Estes and his expert witness regarding the procedures set forth in the ATLS manual. In fact, not only did Fletcher read the cautionary paragraph in the manual which stated that early surgical intervention was mandated given certain facts, he then had Estes read the paragraph again. He cross-examined him further regarding the facts in this case, which matched the facts in the manual which dictated surgical intervention. Later, Fletcher cross-examined Estes' expert witness, a trauma surgeon, about what the manual recommended and why the witness disagreed with it. For these reasons, we find no error.

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED JULY 2, 2004 —
RECONSIDERATION DENIED JULY 20, 2004 — 

*J. Hugh Gordon*, for appellants.

*Hall, Booth, Smith & Slover, Jack G. Slover, Jr., Anthony A. Rowell, W. Brent Hyde, Thomas M. Burke, Jr.*, for appellees.