A90A0164. BLACKMON et al. v. THOMPSON et al.
(394 SE2d 795)

CARLEY, Chief Judge.

On June 15, 1988, appellant-plaintiffs filed this medical malpractice action against appellee-defendants, alleging that the cause of action arose on June 16, 1986. However, appellants failed to file with their complaint the affidavit of an expert as required by OCGA § 9-11-9.1, which became effective July 1, 1987. The lack of an expert's affidavit was raised in appellees' answer and they thereafter moved to dismiss the complaint on that ground. Appellants never attempted to amend their complaint by filing such an affidavit and the trial court granted appellees' motion to dismiss. Appellants appeal from this order.

Appellants urge that OCGA § 9-11-9.1 affects substantive rights and thus cannot be applied retrospectively to their cause of action which arose prior to its effective date. This contention is controlled adversely to appellants by *Precision Planning v. Wall*, 193 Ga. App. 331, 332 (387 SE2d 610) (1989): "In the instant case, the OCGA § 9-11-9.1 requirement of submitting an expert's affidavit along with the complaint did not affect the substantive right of action for professional malpractice; it alters neither the standard of care to be applied nor the measure of recovery. The statute merely prescribes a procedure for enforcing that right, evidently with the purpose of preventing frivolous or unsustainable actions. Accordingly, the trial court [did nor err] in applying the statute [retroactively], and in [granting appellees' motion] to dismiss. [Cits.]"

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED MAY 11, 1990.

*James Booker*, for appellants.
*Love & Willingham, Robert P. Monyak, Daryll Love, Thomas K. Foster*, for appellees.