S92A0801. CITY OF ATLANTA v. LEE et al.
S92A0802. LOMAX et al. v. LEE et al.
(421 SE2d 705)

HUNT, Justice.

In *Lomax v. Lee*, 261 Ga. 575 (408 SE2d 788) (1991), we upheld the validity of a 1952 constitutional amendment establishing a Joint City/County Board of Tax Assessors in Fulton County, but held that the procedure for contesting the assessments of the Joint Board was enacted without constitutional authority. We also held:

---

The issue of the appropriate remedy for taxpayers who have no constitutionally established process in place to contest their real estate assessments is not before this court. We therefore remand this action for further proceedings consistent with this opinion. [*Lomax v. Lee*, 261 Ga. at 582.]

On remand, the trial court entered an order directing that assessment appeals be governed exclusively by the provisions of Ga. L. 1952, p. 2825. The 1952 law provided in Section 11 for the creation of a board of tax appeals and equalization.[1]

The trial court's order was entered in November 1991, before the General Assembly amended the method of providing appeals from assessment actions by the Joint Board (Ga. L. 1992, p. 1676, approved April 15, 1992). The 1992 law amended Ga. L. 1952, p. 2825, inter alia, by striking Section 11 and inserting in its place a new Section 11 to read as follows:

All appeals from and review of assessments made by the joint board of tax assessors shall be done in accordance with the general laws of Georgia pertaining to appeals and review of assessments.

In *In re L. L. B.*, 256 Ga. 768 (353 SE2d 507) (1987), we stated:

"[A] reviewing court should apply the law as it exists at the time of *its* judgment rather than the law prevailing at the rendition of the judgment under review, and may therefore reverse a judgment that was correct at the time it was rendered and affirm a judgment that was erroneous at the time, where the law has been changed in the meantime and where such application of the new law will impair no vested right under the prior law." [Cits.] [Id.]

There are no vested rights that will be impaired by applying the 1992 law and allowing general laws pertaining to appeals and reviews of assessment to govern. The provisions of Ga. L. 1992, pp. 1676-1677, provide the complete remedy for taxpayers. Accordingly, the portion of the trial court's order concerning the procedure for assessment ap-

---

[1] The order stated, in pertinent part:
(1) All appeals from assessment actions by the Joint Board are governed exclusively by the provisions of 1952 Ga. Laws 2825.
(2) All notices of assessment actions must comply with OCGA § 48-5-306, and all notices of assessment actions sent heretofore in 1991 are void and of no effect.
(3) Any and all pending arbitrations shall be terminated immediately.

peals is reversed.[2]

*Judgment affirmed in part and reversed in part. Clarke, C. J., Bell, P. J., Benham, Fletcher and Sears-Collins, JJ., concur.*

DECIDED OCTOBER 16, 1992.

*Michael V. Coleman, Joe M. Harris*, for appellants.
*Proctor & Associates, Robert J. Proctor, Mitch J. Skandalakis, Thomas L. Murphy, W. Roy Mays III*, for appellees.

---

[2] The trial court correctly noted that this case does not involve the effect of the unconstitutionality of the 1952 law on any individual claims.