## A95A2425. TURNBULL v. NORTHSIDE HOSPITAL, INC.

(470 SE2d 464)

Pope, Presiding Judge.

Plaintiff Emily Turnbull brought suit against defendant Northside Hospital, Inc. for fraud and intentional infliction of emotional distress. Defendant moved for summary judgment on both claims. The trial court granted defendant's motion, and plaintiff appeals. Concluding that the trial court did not err, we affirm.

Construed most favorably to plaintiff, the record shows that plaintiff worked as a legal secretary for attorneys Regina Jenkins and Catherine Butler in defendant's legal department. When Jenkins went on maternity leave, Butler started an internal investigation regarding alleged misconduct on Jenkins' part. On August 11, 1993, defendant's vice president of human resources, Heather Fritzler, contacted plaintiff and requested that she cooperate in the investigation. In return for this cooperation, plaintiff contends that defendant promised that plaintiff's identity would be kept permanently confidential. On August 18, 1993, before the investigation was completed, however, Fritzler advised plaintiff that her name would be disclosed when Jenkins was confronted. Nevertheless, plaintiff continued to cooperate in the investigation. The record shows that when defendant confronted Jenkins, plaintiff's identity was in fact disclosed to Jenkins. Plaintiff argues that defendant perpetrated a fraud against her in making and then failing to keep its promise of confidentiality.

Following the investigation, Jenkins returned to the legal department, and for a short period, plaintiff continued to work as Jenkins' secretary. During this time, plaintiff claims that she was subjected to extreme and outrageous conduct by Jenkins, and that she suffered severe emotional distress as a result. Defendant later transferred plaintiff to another job with equal benefits and pay.

1. Plaintiff contends that the trial court erred in granting summary judgment to defendant on her fraud claim. We disagree. "The tort of fraud has five elements: a false representation by a defendant, scienter, intention to induce the plaintiff to act or refrain from acting, justifiable reliance by plaintiff, and damage to plaintiff. (Cit.) For an action for fraud to survive a motion for summary judgment, there must be some evidence from which a jury could find each element of the tort. *Crawford v. Williams*, 258 Ga. 806 (375 SE2d 223) (1989)." (Punctuation omitted.) *Cobb County School Dist. v. MAT Factory*, 215 Ga. App. 697, 700-701 (2) (a) (452 SE2d 140) (1994).

In this case, before the investigation was completed, Fritzler specifically told plaintiff that her identity would not be kept confidential permanently. Yet after being made aware that no permanent offer of confidentiality existed, the record demonstrates that plaintiff continued to actively participate in the investigation. Specifically, she gath-

ered and provided additional documents for the investigation; prepared statements; and even drafted an affidavit for her own signature, in which she expressed a bitter resentment toward Jenkins. Moreover, we note that plaintiff was required from the beginning to participate in the investigation as set forth in her employee handbook. Under such circumstances, we hold that plaintiff cannot demonstrate that she justifiably relied on defendant's alleged promise of permanent confidentiality in cooperating in the investigation. Inasmuch as the element of justifiable reliance is missing in this case, defendant was entitled to judgment in its favor on the fraud claim as a matter of law. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

2. We also reject plaintiff's contention that the trial court erred in granting summary judgment to defendant on her claim of intentional infliction of emotional distress. Although the law in this area is still developing and its ultimate limits have not yet been determined, the cases thus far decided have found liability for intentional infliction of emotional harm only when a defendant's conduct has been extreme and outrageous. *Moses v. Prudential Ins. Co.*, 187 Ga. App. 222, 224 (369 SE2d 541) (1988); see *Kornegay v. Mundy*, 190 Ga. App. 433 (1), 434 (379 SE2d 14) (1989). Such conduct must be "so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." (Citations and punctuation omitted.) *Yarbrough v. SAS Systems*, 204 Ga. App. 428, 429 (3) (419 SE2d 507) (1992).

Whether conduct rises to the level set forth above is a question of law for the trial court. *Yarbray v. Southern Bell Tel. &c. Co.*, 261 Ga. 703, 706 (2) (409 SE2d 835) (1991). Some claims simply do not rise to the requisite level of outrageousness and egregiousness as a matter of law, while others, in which it is shown that reasonable persons could differ as to whether the conduct was sufficiently outrageous and egregious, must be left for a jury to resolve. *Gordon v. Frost*, 193 Ga. App. 517, 521 (388 SE2d 362) (1989). We conclude that this case falls into the first category.

Although it is true that Jenkins was in a position of control and exercised authority over plaintiff, the conduct attributed to Jenkins, taken as true, simply does not rise to the requisite level of outrageousness and egregiousness as a matter of law. Plaintiff has admitted that during the four occasions complained of, Jenkins never cursed or made any derogatory comments about her. Plaintiff also testified that Jenkins never made any physical or verbal threats. At most, Jenkins' alleged conduct in glaring at plaintiff with purported anger and contempt, crying, slamming doors, and snatching phone messages from plaintiff's hand was childish and rude. But it is not the type of behavior for which the law grants a remedy. "The liability for intentional infliction of emotional distress clearly does not extend to mere insults,

indignities, threats, annoyances, petty oppressions, or other trivialities. The rough edges of our society are still in need of filing down, and in the meantime plaintiffs must necessarily be expected and required to be hardened to . . . occasional acts that are definitely inconsiderate and unkind." (Citation and punctuation omitted.) *Kornegay*, 190 Ga. App. at 434-435. Additionally, there is no evidence in this case that defendant or Jenkins knew that plaintiff was particularly sensitive and susceptible to injury from the conduct in question. See *Williams v. Voljavec*, 202 Ga. App. 580, 582 (415 SE2d 31) (1992) (holding that a defendant's awareness of a plaintiff's particular susceptibility is a factor to be considered).

Because we find no actionable conduct in this case, we conclude that the trial court did not err in granting summary judgment to defendant on plaintiff's claim of intentional infliction of emotional distress.

*Judgment affirmed. Beasley, C. J., and Ruffin, J., concur.*

DECIDED MARCH 13, 1996 — RECONSIDERATION DENIED MARCH 28, 1996 — 

*Weinstock & Scavo, Michael Weinstock, Louis R. Cohan*, for appellant.

*Bondurant, Mixon & Elmore, Jane E. Fahey, Michael B. Terry*, for appellee.