A96A1044. VIDRINE v. AMERICAN PROFESSIONAL CREDIT, INC.
(477 SE2d 602)

ANDREWS, Judge.

While Kimberly Vidrine was leasing an apartment from Tahoe North Apartments (Tahoe), the apartment was damaged by a fire started by Vidrine's four-year-old son. Tahoe claimed Vidrine was liable to it under the terms of the lease for approximately $18,900 in fire damage. Metro Atlanta Properties (Metro), as the managing agent for Tahoe, hired American Professional Credit, Inc. (American), a collection agency, to collect the debt from Vidrine. After American initiated collection efforts, Vidrine disputed the debt and sued American alleging in three counts that its actions: (1) violated the Fair Debt Collection Practices Act (FDCPA) (15 USCA §§ 1692-1692o); (2) defamed her and (3) intentionally inflicted emotional distress on her. The trial court granted summary judgment in favor of American on all three counts, and Vidrine appeals.

1. Vidrine alleged in Count 1 of the complaint that American violated §§ 1692e (2) (A), 1692e (7), and 1692e (8) of the FDCPA by mak-

ing false representations to credit bureaus to which it furnished information concerning the claimed debt and by failing to inform the credit bureaus that she disputed the debt.

In finding there was no evidence that American violated § 1692e (8), the trial court ruled that American had no obligation under the FDCPA to report that the debt was disputed when it furnished information concerning the claimed debt to the credit bureaus. This ruling was clearly erroneous under the circumstances. Section 1692e prohibits a debt collector from using any false or misleading representation in the collection of a debt. Subsection (8) of § 1692e specifically provides that a debt collector violates this section by "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."

There was evidence that American sent a dunning letter to Vidrine dated June 17, 1992, in connection with the claimed debt; that, through her attorney, Vidrine responded by disputing the debt pursuant to § 1692g (b) in a letter dated July 9, 1992, and that American subsequently sent verification of the claimed debt to Vidrine's attorney on or about July 14, 1992. See FDCPA § 1692g (a). Although American's president testified on deposition that, after the verification, American had no further contact with Vidrine or her attorney concerning the claimed debt and closed its file in October 1992, there was also evidence that, when the file was closed, American furnished information concerning the claimed debt to credit bureaus without communicating to the credit bureaus that Vidrine disputed the debt. This evidence was sufficient to create a factual issue on the claim that, while communicating credit information, American violated § 1692e (8) by failing to communicate that Vidrine disputed the debt pursuant to § 1692g (b). See *Jeter v. Credit Bureau*, 760 F2d 1168, 1175 (11th Cir. 1985) (this amounts to an allegation of a per se violation of section 1692e rather than one controlled by the least sophisticated consumer standard applicable to other § 1692e violations). The trial court erred by granting summary judgment in favor of American on this issue.

It follows that Vidrine retained a viable cause of action under the FDCPA for actual damages (§ 1692k (a) (1)), statutory damages not exceeding $1,000 (§ 1692k (a) (2) (A)), and costs and reasonable attorney fees (§ 1692k (a) (3)). Vidrine also sought emotional distress damages under the FDCPA. As a part of actual damages under the FDCPA, Vidrine was entitled to seek damages for emotional distress caused by American's alleged FDCPA violation, without proving the elements of the state law tort of intentional infliction of emotional distress. See *Teng v. Metro. Retail Recovery*, 851 FSupp. 61, 68-69

(E.D.N.Y. 1994); *Donahue v. NFS, Inc.*, 781 FSupp. 188, 193-194 (W.D.N.Y. 1991); *Smith v. Law Offices of Mitchell N. Kay*, 124 B.R. 182, 184-189 (Bankr. D. Del. 1991); compare *Tracy v. Credit Bureau &c.*, 174 Ga. App. 668, 669 (330 SE2d 921) (1985) (holding that, because remedies under the Federal Fair Credit Reporting Act are of a federal statutory nature, relief in the form of damages is not determined by state court decisions); contra *Carrigan v. Central Adjustment Bureau*, 502 FSupp. 468, 470 (N.D. Ga. 1980). The trial court erred by granting summary judgment in favor of American on these issues.

Vidrine also contends that American violated either § 1692e (8) or § 1692e (2) (A) of the FDCPA by falsely communicating to credit bureaus that the claimed debt was an installment obligation on an account with Tahoe when it knew the claimed debt arose from fire damages under a lease, and by falsely communicating to the bureaus that the debt claimed by Tahoe was $18,900 when it knew the claimed damages had been partially paid by insurance proceeds. Assuming the claimed debt could be interpreted on the credit bureau reports as an installment obligation, and assuming insurance proceeds received by Tahoe for part of the fire damage reduced the claimed debt, we agree with the trial court that American was entitled to summary judgment on these claims. There is no evidence that American received any information from Tahoe or Metro that the claimed debt was an installment obligation nor is there any evidence that American communicated to the credit bureaus that the debt was an installment obligation on an account with Tahoe. In reporting the claimed debt and the amount of the debt, American relied on information supplied to it by Tahoe and Metro, which it subsequently verified. There is no evidence that American knew or should have known that any information communicated to the credit bureaus may have been false. See FDCPA § 1692e (8).

Since Vidrine provided no argument or citation of authority in her appellate brief regarding the contention that American violated § 1692e (7) of the FDCPA, this claim is deemed abandoned. Court of Appeals Rule 27 (c) (2). The trial court properly granted summary judgment in favor of American on this claim.

2. Vidrine contends the trial court erred by granting summary judgment in favor of American on her state law defamation claim because there was evidence American falsely communicated to the credit bureaus that she borrowed and failed to repay $18,900. As we held in Division 1, even if the credit reports contained inaccurate information that the claimed debt was a type of installment obligation, there is no evidence that American communicated any such false or inaccurate information to the credit bureaus. To the contrary, the evidence showed that, based on information provided to it by

Metro and Tahoe, American reported the claimed debt as a collection account and not as an installment obligation. Since American did nothing more than accurately report that the claimed debt had been placed for collection, the trial court properly granted American's motion for summary judgment on this claim. *Spaulding v. Rich's, Inc.*, 146 Ga. App. 693 (247 SE2d 218) (1978).

3. The trial court also properly granted summary judgment in favor of American on Vidrine's state law claim that American's actions constituted an intentional infliction of emotional distress. This claim must be based on evidence of extreme and outrageous conduct by which one intentionally or recklessly causes severe emotional distress. *Yarbray v. Southern Bell Tel. &c. Co.*, 261 Ga. 703, 706 (409 SE2d 835) (1991). "Whether a claim rises to the requisite level of outrageousness and egregiousness to sustain a claim for intentional infliction of emotional distress is a question of law." Id. There is no evidence that American knowingly communicated any false information to the credit bureaus. Although American's failure to communicate that Vidrine disputed the debt may support an award for emotional distress under the FDCPA, it fails to rise to the level of outrageousness and egregiousness required to support a recovery for intentional infliction of emotional distress under state law. See *Carruth v. Roberts*, 189 Ga. App. 247, 250 (375 SE2d 499) (1988).

*Judgment affirmed in part and reversed in part. Pope, P. J., and Smith, J., concur.*

DECIDED OCTOBER 9, 1996 —
RECONSIDERATIONS DENIED OCTOBER 29, 1996 —

*Albert A. Chapar, Jr.*, for appellant.
*Greer, Klosik & Daugherty, Hollis C. Cobb*, for appellee.