## A98A0376. HARDIN v. LEITCH et al.
### (502 SE2d 288)

McMURRAY, Presiding Judge.

Pro se plaintiff Hardin filed this action for damages predicated on theories of conversion and intentional infliction of emotional distress. Named as defendants are RTP Townhouse Association, Inc. and its president, Joan Leitch, who is sued in her individual capacity. The complaint alleges that defendants unlawfully removed plaintiff's motor vehicle from a public street causing emotional distress to plaintiff.

This appeal is taken from a superior court's order ruling on defendants' motions for summary judgment. The superior court denied defendants' motion for summary judgment on plaintiff's conversion claim. Summary judgment was granted to defendants on

plaintiff's claim of intentional infliction of emotional distress. Plaintiff appeals. *Held*:

1. "In order to prevail on a claim for intentional infliction of emotional distress, a defendant's conduct must be 'so extreme in degree, as to go beyond all [reasonable] bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.' (Citation and punctuation omitted.) *Turnbull v. Northside Hosp.*, 220 Ga. App. 883, 884 (2) (470 SE2d 464) (1996). 'Whether a claim rises to the requisite level of outrageousness and egregiousness to sustain a claim for intentional infliction of emotional distress is a question of law.' (Citation and punctuation omitted.) *Vidrine v. American Professional Credit*, 223 Ga. App. 357, 360 (3) (477 SE2d 602) (1996)." *Martin v. North American Van Lines*, 226 Ga. App. 187, 190 (2) (c) (485 SE2d 815). The evidence in the case sub judice falls far short of showing the outrageous and egregious conduct which will support a claim for intentional infliction of emotional distress. Defendant Leitch, seeking to remove an improperly parked vehicle, spoke with a resident of plaintiff's home and tagged the vehicle with a copy of the corporate defendants' car towing policy before finally having the vehicle towed away. There is no suggestion that plaintiff was involved in any confrontation involving the towing of the vehicle, or that she was present when the towing occurred. *Wellborn v. DeKalb County School Dist.*, 227 Ga. App. 377, 378 (3) (489 SE2d 345). The superior court did not err in granting summary judgment to defendants on plaintiff's claim of intentional infliction of emotional distress.

2. Plaintiff's remaining enumerations of error relate only to her surviving conversion claim and are not ripe for appellate review. The superior court denied defendants' motion for summary judgment on the conversion claim, a ruling which was favorable to plaintiff. While plaintiff moved for partial summary judgment on the conversion claim, there has been no ruling below on plaintiff's motion and we may not address these issues in the first instance. *Sharpnack v. Hoffinger Indus.*, 223 Ga. App. 833, 836 (3) (479 SE2d 435).

*Judgment affirmed. Eldridge, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MAY 4, 1998.

Ruth C. Hardin, *pro se.*
*Cynthia B. Brown,* for appellees.