A98A0531. VESTER v. MUG A BUG PEST CONTROL, INC. et al.
(500 SE2d 406)

ELDRIDGE, Judge.

On March 28, 1995, Ms. Carmen Mas Vester, plaintiff-appellant, sued Mug A Bug Pest Control, Inc., Randall Piggott, and Ben

---

Satterfield, defendants-appellees, in the Superior Court of Gwinnett County for professional negligence in the failure to properly treat her home for termites and included an affidavit of an expert. On December 1, 1995, plaintiff dismissed the suit.

On July 31, 1996, plaintiff filed her second complaint against the defendants but failed to attach an affidavit of an expert. On September 13, 1996, the defendants answered; on November 19, 1996, the defendants filed their motion to dismiss for failure to state a complaint upon which relief could be granted on the grounds that no expert affidavit had been filed with the professional liability action as mandated under OCGA § 9-11-9.1. On November 22, 1996, plaintiff sought to amend the second complaint to add a photocopy of the affidavit of her expert, the same affidavit that she filed with her first suit on March 28, 1995 and to incorporate the original from Case No. 95-A-2086-1 by reference. On February 3, 1997, the trial court granted the motion to dismiss as to Count 2, only.

On May 21, 1997, plaintiff amended her complaint to add a Count 3 for breach of an oral contract. On May 13, 1997, defendants had moved for summary judgment on Count 1 for fraud, emotional distress, punitive damages, and attorney fees. On August 1, 1997, defendants filed a motion for summary judgment as to Count 3 filed by amendment after the first motion. Oral argument was requested in writing on May 13, 1997 and August 1, 1997 by the defendants. On September 15, 1997, the trial court granted all the pending defendants' motions after hearing oral argument on September 11, 1997. Plaintiff filed her notice of appeal on October 1, 1997.

1. Enumerations of error 1 and 3 both go to the issue as to whether the trial court erred in granting summary judgment to the defendants and will be dealt with together. The trial court did not err.

(a) Neither the verified complaint, plaintiff's affidavit, nor plaintiff's deposition provided any evidence in the record that the defendants knew the representations made to the plaintiff were false and had been made to deceive her; thus, scienter was never raised by any evidence. Defendants in their verified answers denied any knowledge of the termite infestation and the intent to commit fraud on the plaintiff.

Plaintiff in her verified complaint and her deposition alleges that Piggott knew that there was active termite infestation in her house. However, the complaint stated that the conversation took place on December 7, 1994 after the discovery of the termites, while plaintiff in her deposition did not remember when the conversation occurred. In neither statement did she testify that Piggott said that he knew of the existence of the termite infestation prior to the discovery by the other termite company and at the time that representations were made that there were no termites. Therefore, prior knowledge at the

time the representations were made was not shown nor can it be reasonably inferred from the alleged admission. In fact, plaintiff admitted that she had no knowledge that the defendants knew and assumed that the defendants must have known of the termite infestation by the very fact of such infestation. Only plaintiff's testimony set forth any alleged admissions of Piggott. Such testimony by the plaintiff was vague, uncertain, and equivocal as well as being contradicted by plaintiff's earlier testimony that she had assumed knowledge.

Under *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 28 (343 SE2d 680) (1986), it must be construed that Piggott was making a statement of knowledge as of December 7, 1994 as to the termite discovery on November 4, 1994, which was after the last representation made and relied upon by the plaintiff. Since plaintiff had no other evidence, except the self-contradictory testimony that supports the plaintiff's claim of admission by the defendant, and this was the *only evidence* supporting the alleged admission by the defendant of knowledge without any reasonable explanation of the contradictions, then *Prophecy Corp.* applied. See *Korey v. BellSouth Telecommunications*, 269 Ga. 108 (498 SE2d 519) (1998); *Barrentine v. Kroger Co.*, 264 Ga. 224, 225 (443 SE2d 485) (1994); *Goins v. Tucker*, 227 Ga. App. 524, 526-527 (2) (489 SE2d 857) (1997); *Carrollton Coca-Cola Bottling Co. v. Brown*, 185 Ga. App. 588, 590-591 (1) (365 SE2d 143) (1988); *Assoc. Hosts of Ga. v. Marley*, 184 Ga. App. 352, 353 (1) (361 SE2d 496) (1987).

Plaintiff must prove actual fraud which requires: (1) a false representation made by the defendants; (2) scienter; (3) an intention to induce the plaintiff to act or refrain from acting in reliance by the plaintiff; (4) justifiable reliance by the plaintiff; and (5) damages to the plaintiff. *Parsells v. Orkin Exterm. Co.*, 172 Ga. App. 74, 75 (322 SE2d 91) (1984); *Haley v. Ga. Farm Bureau Mut. Ins. Co.*, 166 Ga. App. 596, 597 (305 SE2d 160) (1983). Plaintiff has failed to produce any evidence that gives rise to scienter. *Brookshire v. Digby*, 224 Ga. App. 512, 514-515 (481 SE2d 250) (1997); see also *Jones v. Cartee*, 227 Ga. App. 401, 405 (2) (489 SE2d 141) (1997). The facts and circumstances of this case do not give rise to constructive fraud or fraud by negligence. *Lively v. Garnick*, 160 Ga. App. 591, 593-594 (287 SE2d 553) (1981); see also *Brookshire v. Digby*, supra at 516. Thus, the trial court properly granted summary judgment on this theory.

(b) While plaintiff in her complaint raised the issue of intentional infliction of emotional distress, punitive damages, or attorney fees, the plaintiff abandoned such issue by failing in the enumerations of error or initial brief to cite to the record, provide authority, or to argue such issues in compliance with this Court's rules. *Jackson v. State*, 213 Ga. App. 420, 421 (444 SE2d 854) (1994); *Dimmick v.*

*Pullen*, 120 Ga. App. 743, 744-745 (2) (172 SE2d 196) (1969).

Notwithstanding such failure, the record fails to evidence a cause of action for an intentional act directed toward the plaintiff, i.e., a malicious, wilful, or wanton act directed toward her. *Ryckeley v. Callaway*, 261 Ga. 828 (412 SE2d 826) (1992); *Westview Cemetery v. Blanchard*, 234 Ga. 540 (216 SE2d 776) (1975); *Wellborn v. DeKalb County School Dist.*, 227 Ga. App. 377, 379 (3) (489 SE2d 345) (1997); *Sanders v. Brown*, 178 Ga. App. 447, 448 (1) (343 SE2d 722) (1986). Furthermore, the "defendant's conduct must be so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. *Turnbull v. Northside Hosp.*, 220 Ga. App. 883, 884 (2) (470 SE2d 464) (1996). Whether a claim rises to the requisite level of outrageousness and egregiousness to sustain a claim for intentional infliction of emotional distress is a question of law. *Vidrine v. American Professional Credit*, 223 Ga. App. 357, 360 (3) (477 SE2d 602) (1996)." (Citations and punctuation omitted.) *Martin v. N. A. Van Lines,* 226 Ga. App. 187, 190 (2) (b) (485 SE2d 815) (1997). Thus, summary judgment was appropriate.

(c) The trial court correctly found that there was no consideration for the alleged oral contract. There was no written release by the plaintiff of the defendants of one-half the repair costs; however, plaintiff contended that her payment of one-half the costs of repair was the consideration. The plaintiff remained free to sue the defendants for the entire costs of repair. Thus, the requisite elements of a contract were not shown by the record. OCGA § 13-3-1; *Vanguard Properties Dev. Corp. v. Murphy*, 136 Ga. App. 519 (221 SE2d 691) (1975).

2. Plaintiff's second enumeration of error was that the trial court erred in dismissing Count 2, the professional negligence action, for failure to comply with OCGA § 9-11-9.1. We agree.

Plaintiff relied upon two cases which were decided prior to the 1989 amendment to OCGA § 9-11-9.1: *St. Joseph's Hosp. v. Nease*, 189 Ga. App. 239, 240-241 (1) (375 SE2d 241) (1988) and *Reid v. Brazil*, 193 Ga. App. 1, 2 (1) (387 SE2d 1) (1989). However, the General Assembly amended such section by Ga. L. 1989, p. 419, § 3, which mandated the contemporaneous filing of the expert affidavit with certain narrow exceptions or the action would be barred as a matter of law. See OCGA § 9-11-9.1 (b); *Brake v. Mintz*, 193 Ga. App. 662, 666 (388 SE2d 715) (1989); see also *St. Joseph's Hosp. v. Nease*, 259 Ga. 153, 155, n. 3 (377 SE2d 847) (1989). Under OCGA § 9-11-9.1 (e), as amended in 1989, if the plaintiff by mistake failed to attach an affidavit to the complaint when filed, then the plaintiff could move the trial court to determine that "the failure to file the affidavit was the result of a mistake." See OCGA § 9-11-9.1 (e); see also *Brake v.*

*Mintz,* supra; *St. Joseph's Hosp. v. Nease,* supra. Plaintiff failed to have the trial court make such determination to correct the mistake.

The General Assembly passed Ga. L. 1997, pp. 916, 917, § 1, which replaced OCGA § 9-11-9.1 entirely and made the provisions less harsh; under the 1997 revised OCGA § 9-11-9.1 (b), defendants' motion to dismiss for failure to file the affidavit would not require dismissal, because the motion to dismiss for failure to state a claim based on the absence of the affidavit was untimely. Only the "motion to dismiss filed contemporaneously with its initial responsive pleading that the plaintiff has failed to file the requisite affidavit, the complaint is subject to dismissal for failure to state a claim." The wording of the amended (d) and (e) is similar. The responsive pleadings were filed on September 13, 1996 and the motion to dismiss was filed on November 19, 1996. Thus, such defense was waived as being untimely.

The descriptive title provides the purpose of such amendment as: "to change the provisions relating to the time of filing and the contents of such affidavit and the practices and procedures related thereto; to provide for dismissal of complaints; to provide for the curing of defects." Thus, the General Assembly has through OCGA § 9-11-9.1 (d) legislatively approved *Glisson v. Hosp. Auth. of Valdosta & Lowndes County,* 224 Ga. App. 649, 655 (481 SE2d 612) (1997), because the amended Act now expressly permits amendments under OCGA § 9-11-9.1 (d) and requires that motions to dismiss be filed contemporaneously with the initial pleadings. See OCGA § 9-11-9.1 (b), (d), and (e). Likewise, OCGA § 9-11-9.1 as amended in 1997 has impliedly overruled *Keefe v. Northside Hosp.,* 219 Ga. App. 875 (467 SE2d 9) (1996) by undermining its holding that the affidavit or complaint, setting forth an exception to contemporaneously filing the affidavit, cannot be amended. However, plaintiff in her second amendment adding the expert affidavit never had the trial court determine under the 1997 revised Act that "plaintiff had the requisite affidavit within the time required by this Code section and the failure to file the affidavit was the result of a mistake." See OCGA § 9-11-9.1 (e). Such failure was not fatal to the plaintiff, because the defendants' motion was untimely under the revised Act and OCGA § 9-11-9.1 no longer was applicable to the defendants, because they were no longer treated as professionals within the Act.

In the revised OCGA § 9-11-9.1, Ga. L. 1997, p. 916, § 1 added a new subsection, (f), which defined expressly the professionals who came within the ambit of the Act, and thereby excluded many actual or so-called professionals from the effect of OCGA § 9-11-9.1. The caption stated the purpose of the revision as: "to provide for professions to which the affidavit requirement applies," which does not include termite exterminators.

The effective date of this procedural act was July 1, 1997, subsequent to the trial court's ruling on February 3, 1997. In Ga. L. 1997, pp. 916, 919, § 2, the General Assembly, as part of the effective date, provided that the reenactment "shall apply only to actions filed on or after [the effective] date." Such language is applicable only to laws that create substantive rights that cannot be given retroactive effect, because the parties are vested with substantive rights. See OCGA § 1-3-5; *Polito v. Holland*, 258 Ga. 54 (365 SE2d 273) (1988); *Pritchard v. Savannah Street &c. R. Co.*, 87 Ga. 294 (13 SE 493) (1891). This Court has held that OCGA § 9-11-9.1 is procedural in nature, conveying no vested rights, and can be applied retroactively. *Kneip v. Southern Engineering*, 260 Ga. 409, 410-411 (4) (395 SE2d 809) (1990); *Blackmon v. Thompson*, 195 Ga. App. 589 (394 SE2d 795) (1990); *Precision Planning v. Wall*, 193 Ga. App. 331 (387 SE2d 610) (1989). As a procedural law, notwithstanding the legislative attempt to make the application prospective only, the reenactment has retroactive application. Therefore, although the trial court had dismissed Count 2 prior to the passage of the revision of OCGA § 9-11-9.1 under a correct interpretation of the then existing law, such dismissal on appellate review must be decided based upon the present status of the law.

"(A) reviewing court should apply the law as it exists at the time of *its* judgment rather than the law prevailing at the rendition of the judgment under review, and may therefore reverse a judgment that was correct at the time it was rendered and affirm a judgment that was erroneous at the time, where the law has been changed in the meantime and where such application of the new law will impair no vested right under the prior law." (Citations omitted; emphasis in original.) *In re L. L. B.*, 256 Ga. 768 (353 SE2d 507) (1987); see also *City of Atlanta v. Lee*, 262 Ga. 461, 462 (421 SE2d 705) (1992). No party has a vested right in a procedure; therefore, a procedural statute has retrospective application. *Hart v. Owens-Illinois, Inc.*, 161 Ga. App. 831 (289 SE2d 544) (1982); *Clary v. State*, 151 Ga. App. 301 (259 SE2d 697) (1979). Therefore, the dismissal of Count 2 must be reversed under the 1997 revision of OCGA § 9-11-9.1 for failure to comply with pre-1997 OCGA § 9-11-9.1.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Blackburn, J., concur.*

DECIDED MARCH 26, 1998

*Robert L. Mack, Jr.*, for appellant.

*Lokey & Smith, G. Melton Mobley, Jessica F. Pardi*, for appellees.