A03A1260. STEWART v. GAINESVILLE BANK & TRUST.
(587 SE2d 241)

PHIPPS, Judge.

Swain Stewart appeals the trial court's grant of partial summary judgment to Gainesville Bank & Trust and the denial of his motion for partial summary judgment in this real estate contract case. Because the trial court interpreted the contract correctly, we affirm.

The issue in this case is the nature of the Bank's obligation to provide marketable title to Stewart. The contract between the parties contained the following relevant provisions:

1.

[The Bank] agrees to sell to [Stewart] and [Stewart] agree[s] to buy from [the Bank] the real estate described as. . . .

3.

[The Bank] agrees to convey subject property to [Stewart] by Limited Warranty Deed.

---

## 4.

[Stewart] shall have reasonable time within which to examine title and within which to furnish [the Bank] with a written statement of objections affecting the marketability of said title, the validity of which shall be determined according to the title standards of the State Bar of Georgia. [The Bank] shall have reasonable time after receipt of such objections to satisfy all valid objections, and if [the Bank] fails to satisfy such valid objections within a reasonable time, then at the option of [Stewart], evidenced by written notice to [the Bank], this contract shall be null and void.

After contracting with the Bank, but before closing on his purchase of the property, Stewart entered into a contract to resell the property to a third party. According to Stewart, a cloud on the title, which the Bank refused to remove, prevented him from consummating the sale to the third party. The Bank refused Stewart's request to return his $10,000 earnest money deposit. Stewart sued the Bank, seeking damages for breach of contract and bad faith, a return of his $10,000 earnest money, attorney fees, and costs. In its answer, the Bank made a "continuing tender" of the earnest money, plus interest.

After conducting discovery, Stewart moved for partial summary judgment on the issue of the Bank's breach of contract, leaving the issues of damages, attorney fees, and costs for resolution by a jury. The Bank filed a cross-motion for summary judgment on the issue of Stewart's right to collect damages under the contract in addition to a return of his earnest money. It conceded and offered "judgment for the earnest money with interest at the legal rate."

The trial court granted summary judgment to the Bank and found that Stewart was entitled to a return of his earnest money, plus interest. The trial court concluded that the Bank was not obligated under the contract to convey marketable title and that Stewart's remedy was to rescind the contract if the Bank failed to satisfy his title objections.

1. Stewart argues that the trial court erred when it found that the Bank did not breach the contract. According to Stewart, the contract obligated the Bank to sell the property to him and the Bank was legally obligated, apart from the contract, to provide marketable title. We disagree.

This contract was a conditional contract.[1] The Bank did not warrant that it had marketable title to the land or promise to clear any defects in the title. Additionally, the contract provided that Stewart

---

[1] See *Douglas v. Langford*, 206 Ga. 864, 870 (2) (59 SE2d 386) (1950).

had the option to terminate it if he discovered a title objection that the Bank failed to satisfy within a reasonable period of time. Stewart chose to exercise that option and therefore rendered the contract null and void. Thus, the trial court properly granted summary judgment to the Bank on Stewart's breach of contract claim.

Our decision in *Ardex, Ltd. v. Brighton Homes*[2] does not alter this conclusion. In *Ardex,* we held that, even in the absence of language in a sales contract requiring marketability of title, a *seller* cannot force a buyer to proceed with a transaction and accept unmarketable title.[3] Nor does our decision in *Padgett v. Bryant*[4] alter the result, because in that case, unlike this one, the contract contained a special stipulation in which the seller agreed "to furnish a marketable title" and to convey it "free and clear of all liens, easements, restrictions, covenants, encroachments, and/or encumbrances."[5]

2. Stewart asserts the trial court "erred in failing to rule on whether or not Appellee's tender of the $10,000.00 was proper and the amount of interest to be paid." Because these issues were not presented to the trial court below, there is no ruling for us to review.[6]

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED SEPTEMBER 5, 2003.

*James E. Palmour III*, for appellant.
*Hartness & Link, Frederick E. Link*, for appellee.

[2] 206 Ga. App. 606 (426 SE2d 200) (1992).
[3] Id. at 607-608 (2).
[4] 121 Ga. App. 807 (175 SE2d 884) (1970).
[5] Id. at 810 (1).
[6] See *Hardin v. Leitch*, 232 Ga. App. 432, 433 (2) (502 SE2d 288) (1998).