**Caroline ANDERSON, Plaintiff,**

v.

**FREDERICK J. HANNA & ASSOCIATES, et al., Defendants.**

**No. CIVA104CV636MHS.**

United States District Court, N.D. Georgia, Atlanta Division.

March 21, 2005.

Lisa Dionne Wright, Law Office of Lisa D. Wright, Atlanta, GA, for Plaintiff.

Elizabeth Carter Whealler, Jerry Curtis Tootle, Jr., Frederick J. Hanna & Associates, Marietta, GA, for Defendants.

## *ORDER*

SHOOB, Senior District Judge.

This action is before the Court on plaintiff's motion for partial summary judgment and defendants' motion for summary judgment. For the following reasons, the Court grants in part and denies in part both motions.

*Background*

Plaintiff Caroline Anderson alleges that defendants Frederick J. Hanna & Associates (Hanna), a law firm engaged in a debt collection practice, and Dennis E. Henry, a lawyer employed by Hanna, violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., in attempting to collect a credit card debt from her on behalf of Bank of America. Unless otherwise noted, the following facts giving rise to this claim are undisputed.

On February 4, 2004, Henry sent a letter to Anderson referencing Bank of America, an account number, and a balance of $6,569.83. The letter stated:

> Please be advised that the above referenced account has been assigned to this office regarding your dispute. Please contact this office in order that we may help you resolve this.
>
> Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty (30) days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a Judgment and mail you a copy of such Judgment or verification. If you request this office in writing within thirty (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

(Compl., Ex. 1.)

On February 10, 2004, Anderson sent the following response to Hanna via certified mail, return receipt requested:

> I am in receipt of your letter dated February 4, 2004. Please allow this correspondence to serve as my formal notice of dispute of this account. I am fully disputing the validity of this debt. Please send me any and all information you have regarding this disputed account to the address above so that I may take the necessary action to complete the dispute resolution process. If you have any questions regarding this matter, please feel free to contact me at your earliest opportunity.

(Compl., Ex. 2.)

As evidenced by the return receipt, Hanna received Anderson's February 10 letter on February 11, 2004. Hanna claims that it also received a copy of the letter by fax on February 10, 2004. Anderson denies that she sent Hanna a copy of the letter by fax. In any event, Hanna prepared another letter addressed to Anderson dated February 10, 2004, which stated:

> Your account was opened May 2001. You have made purchases and payments for two (2) years. Therefore, we don't know if you are disputing whether you have ever had an account or if you disagree with the balance. Please advise if you want to settle.

(Defs.' Statement of Facts in Supp. of Mot. for Summ. J., Ex. F.) According to Hanna's office records, this letter was sent to Anderson on February 11, 2004. Anderson denies ever receiving the letter.

On February 27, 2004, having received no response to their February 10 letter, Hanna and Henry filed suit against Anderson on behalf of Bank of America seeking to collect the disputed debt. After being served with the suit, Anderson filed this action alleging defendants had violated the FDCPA by filing a lawsuit before they sent her verification of the debt. Anderson seeks to recover actual and statutory damages for the alleged FDCPA violation, as well as her attorney's fees and costs. In addition, plaintiff asserts a claim under state law for intentional infliction of emotional distress.

Plaintiff now moves for partial summary judgment as to defendants' liability on her FDCPA claim and for an award of the maximum $1,000.00 in statutory damages. In response, defendants move for summary judgment on both of plaintiff's claims.

*Summary Judgment Standard*

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is

appropriate when "there is no genuine issue as to any material fact ... and the moving party is entitled to judgment as a matter of law." In *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), the Supreme Court held that this burden could be met if the moving party demonstrates that there is "an absence of evidence to support the non-moving party's case." *Id.* at 325, 106 S.Ct. 2548. At that point, the burden shifts to the non-moving party to go beyond the pleadings and present specific evidence giving rise to a triable issue. *Id.* at 324, 106 S.Ct. 2548.

In reviewing a motion for summary judgment, the Court must construe the evidence and all inferences drawn from the evidence in the light most favorable to the non-moving party. *WSB–TV v. Lee,* 842 F.2d 1266, 1270 (11th Cir.1988). Nevertheless, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)(emphasis in original).

The Rule 56 standard is not affected by the filing of cross motions for summary judgment: "The court must rule on each party's motion on an individual and separate basis, determining, for each side, whether a judgment may be entered in accordance with the Rule 56 standard." 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2720 at 335–36 (3d ed.1998). Cross-motions may, however, be probative of the absence of a factual dispute where they reflect general agreement by the parties as to the controlling legal theories and material facts. *See United States v. Oakley,* 744 F.2d 1553, 1555 (11th Cir.1984).

*Discussion*

### I. FDCPA Claim

#### A. Liability

■ Anderson alleges that defendants violated 15 U.S.C. § 1692g(b). That section of the FDCPA provides that, if a consumer notifies a debt collector within 30 days of receipt of an initial communication regarding collection of a debt that the debt is disputed, the debt collector must "cease collection of the debt" until it "obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(b).

Anderson contends that the undisputed facts show that after receiving defendants' initial communication dated February 4, 2004, she notified defendants in her letter of February 10, 2004, that the debt was disputed, but that defendants, in violation of 15 U.S.C. § 1692g(b), failed to obtain verification of the debt and mail her a copy of such verification before they filed suit against her. Consequently, Anderson argues, she is entitled to summary judgment as to defendants' liability on this claim.

In response, defendants contend that they, not Anderson, are entitled to summary judgment on this claim. Defendants argue that (1) their initial February 4 letter contained the required verification of the debt; (2) they mailed the required response to Anderson on February 11, 2004 before filing suit; (3) the FDCPA does not require a debt collector to send verification of the debt before filing suit;

(4) under the FDCPA, defendants were entitled to file suit in order to secure the debt; and (5) the filing of a legal action does not constitute debt collection activity.

The Court concludes that defendants' arguments are without merit and that Anderson is entitled to summary judgment on this claim. First, in providing that the consumer may obtain verification by disputing the debt within 30 days of receipt of the initial communication, the FDCPA clearly contemplates that the verification is separate and distinct from the initial communication. *See* O.C.G.A. § 1692g. Furthermore, in accordance with the statutory provision, defendants' initial communication of February 4 plainly stated that, if requested, "this office will obtain verification of the debt . . . and mail you a copy of such . . . verification." It is frivolous to argue now that the initial communication already contained the verification.

Second, although the evidence supports defendants' claim that they mailed a response to Anderson's February 10 letter on February 11, 2004, that response did not contain the required verification. "[V]erification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed." *Chaudhry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir.1999). Defendants' February 11 letter contained no such confirmation.

Third, although a debt collector may choose to file suit without initially communicating with the debtor, the law is clear that once an initial communication is made and the debtor requests verification, the debt collector must provide the verification before resuming collection efforts. 15 U.S.C. § 1692g(b); *see also Bartlett v. Heibl*, 128 F.3d 497, 501 (7th Cir. 1997)("The debt collector is perfectly free

to sue within thirty days; he just must cease his efforts at collection during the interval between being asked for verification of the debt and mailing the verification to the debtor").

Fourth, the Eleventh Circuit's holding that a debt collector may file a lien at the same time a demand letter is sent, *before* a consumer has made any request for verification, *Shimek v. Weissman, Nowack, Curry & Wilco, P.C.*, 374 F.3d 1011, 1013 (11th Cir.2004), does not mean that the debt collector may file a lawsuit *after* such a request has been made. The critical event is the debtor's request for verification. In *Shimek*, the lien was filed before any request was made; in this case, on the other hand, defendants filed their lawsuit after receiving Anderson's request for verification.

Finally, defendants' argument that a lawsuit to collect a debt is not "collection activity" is patently frivolous. The case cited by defendants in support of this argument, *Vega v. McKay*, 351 F.3d 1334 (11th Cir.2003), merely held that a lawsuit did not constitute an "initial communication" triggering FDCPA notice requirements. Nothing in this holding suggests that a lawsuit does not constitute an attempt to collect a debt, which it obviously does.

### B. Damages

An individual consumer who brings a successful FDCPA action is entitled to an award of any actual damage sustained, statutory damages in such an amount as the court may allow up to $1,000.00, and costs of the action including reasonable attorney's fees. 15 U.S.C. § 1692k(a). In determining the amount of statutory damages, the court must consider, among oth-

er relevant factors, "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1).

■ Anderson argues that she is entitled to summary judgment awarding her the maximum statutory damages of $1,000.00. She cites evidence that defendants have been sued two other times in the past year for alleged FDCPA violations and contends that the nature and frequency of defendants' noncompliance warrants the imposition of the maximum statutory damages to serve as an incentive for future compliance.

Defendants argue that nothing in the language of the FDCPA suggests that Congress intended for the Court to consider other, non-proven allegations of FDCPA violations when determining the appropriate amount of statutory damages. Instead, defendants contend that the Court should consider only conduct relating to the action before it. Defendants also point out that both of the cases cited by Anderson have been dismissed with prejudice, apparently pursuant to settlements.

The Court concludes that Anderson is not entitled to summary judgment awarding her the maximum $1,000.00 in statutory damages. Even if the Court could consider FDCPA violations unrelated to this case in determining the appropriate amount of statutory damages, Anderson has failed to present any competent evidence of such violations. The fact that defendants were sued in other FDCPA cases, which were subsequently dismissed, does not establish that defendants committed the FDCPA violations alleged in those cases. As for defendants' conduct in this case, it certainly does not indicate that they frequently or persistently or intentionally failed to comply with the FDCPA. To the contrary, defendants' violation of the FDCPA in this case appears to have been isolated and inadvertent. Consequently, Anderson has presented no evidence to justify an award of the maximum amount of statutory damages.

## II. State Law Claim

Defendants contend that Anderson has failed to present any evidence that they engaged in the extreme or outrageous conduct necessary to support a claim for intentional infliction of emotional distress. In response, Anderson has apparently abandoned her state law claim and asserts instead that she is entitled to recover damages for her emotional distress under the FDCPA.

■ The Court concludes that defendants are entitled to summary judgment on Anderson's state law claim for intentional infliction of emotional distress. Such a claim "must be based on evidence of extreme and outrageous conduct by which one intentionally or recklessly causes severe emotional distress." *Vidrine v. American Professional Credit, Inc.*, 223 Ga.App. 357, 360, 477 S.E.2d 602 (1996). Anderson has presented no such evidence in this case.

## Summary

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART plaintiff's motion for partial summary judgment [# 48–1]; GRANTS IN PART and DENIES IN PART defendants' motion for summary judgment [# 54–1]; and DISMISSES plaintiff's state

law claim for intentional infliction of emotional distress.